HYUNDAI MOTOR COMPANY, Hyundai Motor America, Inc., and Port City Hyundai, Petitioners

v.

Maria ALVARADO et al., Respondents.

No. 94–0820.

Supreme Court of Texas.

Feb. 16, 1995.

854

Ruth Greenfield Malinas, San Antonio, David M. Heilbron, Leslie G. Landau, San Francisco, CA, David E. Keltner, Fort Worth, Thomas H. Crofts, and David M. Prichard, San Antonio, for petitioners.

Rose Vela, Steve T. Hastings, Corpus Christi, and Christa Brown, Austin, for respondents.

PER CURIAM.

■ The issue in this case is whether a partial summary judgment survives a nonsuit. We hold that when a defendant obtains a partial summary judgment on certain of the plaintiffs' causes of action and the plain-

tiff thereafter moves for a nonsuit as to the whole case, that nonsuit results in a dismissal with prejudice as to the issues decided in the partial summary judgment.

In 1989, Mario and Fidel Alvarado were injured in a car accident involving a 1988 Hyundai Excel. They sued Hyundai Motor Company and others in Webb County, alleging several theories, including failure to equip the front seats with seat belts, failure to instruct, and failure to warn of increased danger. Hyundai filed a motion for partial summary judgment asserting that all claims but the failure to instruct claims[1] were preempted by federal law, specifically, 15 U.S.C. § 1392(d) and 49 C.F.R. § 571.208. The trial court granted the motion. On January 30, 1991, the plaintiffs filed a motion to nonsuit in the trial court and then filed a separate petition in Duval County, bringing the same claims against Hyundai, including those on which Hyundai had obtained the partial summary judgment. After the original trial court signed an order of nonsuit, Hyundai filed a motion to modify the nonsuit order to provide that the Alvarados could not refile those claims against which the partial summary judgment had been granted. The trial court granted the motion and entered an order stating that the claims adjudicated by the summary judgment were dismissed with prejudice. On appeal, the court of appeals reversed, holding that the right to nonsuit continues until the plaintiffs have put on all their evidence, 885 S.W.2d 167. Since the plaintiffs had not put on any evidence, the court of appeals reasoned that a summary judgment could not withstand the plaintiffs' right of nonsuit.

■ In Texas, our general rule is that plaintiffs have the right to take a nonsuit at any time until they introduce all evidence other than rebuttal evidence. *Aetna Casualty & Surety Co. v. Specia*, 849 S.W.2d 805, 806 (Tex.1993); Tex.R.Civ.P. 162. Such a nonsuit may have the effect of vitiating earlier interlocutory orders. *See Ault v. Mulanax*, 724 S.W.2d 824, 828 (Tex.App.—Texar-

1. Hyundai does not argue that the failure to instruct claims are preempted.

kana 1986, orig. proceeding). A decision on the merits, such as a summary judgment, however, is not vitiated. *See Mainland Savings Ass'n v. Wilson,* 545 S.W.2d 491, 493 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). This includes partial summary judgments.

In summary judgment practice, a plaintiff need not produce any evidence. TEX.R.CIV.P. 166a(a)–(b). If Rule 162 provided the only cut-off point after which a plaintiff could no longer take a nonsuit, the plaintiff could in effect avoid any summary judgment by merely requesting a nonsuit after the case was adjudicated by the summary judgment. To give any force to the partial summary judgment provisions, those judgments must withstand a nonsuit. *See Wood v. Moers,* 289 S.W. 1017, 1018 (Tex.Civ. App.—Galveston 1926, no writ) ("[W]ere the rule otherwise, there would rarely, if ever, be such a result in a trial as a judgment upon an instructed verdict for the defendant, because in such cases, the plaintiff would probably resort to a nonsuit rather than suffer the consequences of an instructed verdict against him."). A partial summary judgment is a decision on the merits unless set aside by the trial court. *See Krenek v. Texstar N.A., Inc.,* 787 S.W.2d 566, 569 (Tex.App.—Corpus Christi 1990, writ denied). It becomes final upon the disposition of the other issues of the case. *Chase Manhattan Bank, N.A. v. Lindsay,* 787 S.W.2d 51, 53 (Tex.1990). Once a judge announces a decision that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit. *See Wood,* 289 S.W. at 1018. A nonsuit sought after such a judicial pronouncement results in a dismissal with prejudice as to the issues pronounced in favor of the defendant. Thus, we reverse the judgment of the court of appeals concerning the finality of the nonsuit. The dismissal is with prejudice as to the issues disposed of by the summary judgment.

Because the court of appeals held that the entire cause of action should have been dismissed without prejudice, it did not consider the Alvarados' claim that the trial court erred in finding their particular claims preempted by federal law. We remand this case to the court of appeals for disposition of the preemption issue.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants the application for writ of error of Hyundai Motor Company and, without hearing oral argument, reverses the court of appeals' judgment with respect to the partial summary judgment and remands to the court of appeals for the disposition of issues not addressed.