**NEWCO DRILLING COMPANY,
Petitioner,**

v.

**Richard W. WEYAND, Weyand Corporation, Milton & Weyand, Ltd., Stanford Energy Corporation, Stanford Capital, L.P., Stanford Petro, Inc., Dal–York Realty, Inc., Dal–York Realty–I, Ltd., Team Property Management Co., Ltd., et al., Respondents**

No. 97–0390.

Supreme Court of Texas.

Jan. 16, 1998.

H. Robert Powell, Michael S. Truesdale, Austin, John Walter Patton, Dallas, for petitioner.

Steven A. Springer, David M. Pruessner, Kathryn L. Shilling, Dallas, for respondents.

## Opinion

PER CURIAM.

■ The issue in this case is whether a partial summary judgment survives a dismissal for want of prosecution. We hold that when a defendant obtains a partial summary judgment on certain of plaintiff's causes of action and the court thereafter dismisses the plaintiff's case for want of prosecution, without vacating the partial summary judgment, the dismissal for want of prosecution results in a dismissal with prejudice on the issues decided in the partial summary judgment. We therefore reverse the court of appeals' judgment and remand this cause to that court for review on the merits of the trial court's grant of the partial summary judgment.

Newco Drilling Company was formed to acquire substantially all the assets of W.R. Grace & Company's contract drilling subsidiaries. Stanford Capital, L.P. entered into a letter of intent with Newco for Stanford to provide financing for the $120 million transaction. Newco and W.R. Grace did not consummate the deal for the acquisition of the drilling subsidiaries, and Newco and individual officers and shareholders sued Stanford, Richard Weyand, a part-owner of Stanford, and others for breach of contract, breach of fiduciary duties, negligence, violation of the Texas Deceptive Trade Practices Act (DTPA), and for certain declaratory relief. On December 4, 1995, the trial court granted in part defendants' motions for summary judgment, finding that the plaintiffs could not recover lost revenue, lost salaries, organizational fees, lost profits, or "benefit of the bargain" damages.[1] The partial summary

---

1. Both defendants' partial summary judgment motion filed January 6, 1995, and second summary judgment motion filed October 27, 1995, were disposed of on December 4, 1995, when they were granted in part.

judgment did not affect the individual plaintiffs' claims or Newco's claims for declaratory relief to apportion damages between the defendants, exemplary damages, and attorneys' fees and court costs.

The next month, on January 23, 1996, the trial court signed a form order dismissing for want of prosecution a group of eight listed cases, including *Newco*, for failure to comply with a December 5, 1995, Notice of Intent to Dismiss. Newco appealed, challenging the trial court's grant of partial summary judgment and the dismissal for want of prosecution. The court of appeals, in an unpublished opinion, affirmed the dismissal for want of prosecution. The court of appeals concluded that the partial summary judgment was not reviewable on its merits. Accordingly, the court of appeals did not reach the merits of this issue. We grant Newco's application for writ of error to correct an error of law important to the jurisprudence of the State.

This Court recently held, in *Hyundai Motor Co. v. Alvarado,* 892 S.W.2d 853 (Tex. 1995), that a plaintiff cannot avoid the effects of a partial summary judgment by subsequently filing a nonsuit, and any issues decided in the partial summary judgment are dismissed with prejudice. *See id.* at 855. It then follows that a plaintiff, who after suffering an adverse summary judgment allows his claims to be dismissed for want of prosecution, should likewise be barred from having a second bite at the apple. Any other interpretation would allow such a plaintiff to avoid *Hyundai Motor* by simply doing nothing and waiting for the trial court to dismiss the case.

■ "A partial summary judgment is a decision on the merits unless set aside by the trial court. It becomes final upon the disposition of the other issues of the case." *Id.* (citation omitted). Therefore, the trial court's dismissal of the plaintiffs' case for want of prosecution following the rendition of the partial summary judgment resulted in a dismissal with prejudice of those issues already adjudicated in the partial summary judgment and a dismissal without prejudice of those issues not covered in the partial summary judgment.

■ Because a partial summary judgment that the trial court does not vacate is made final and appealable upon signing of a dismissal for want of prosecution, the court of appeals erred in failing to review the merits of the trial court's grant of the defendants' summary judgment. *See Mossler v. Shields,* 818 S.W.2d 752, 754 (Tex.1991) ("[I]t is well established that a dismissal with prejudice functions as a final determination on the merits."); *see also Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200, 201 (1959) ("[A] party against whom ... an interlocutory summary judgment has been rendered will have his right of appeal when ... the same is merged in a final judgment disposing of the whole case.").

Because the court of appeals did not consider the plaintiffs' contention that the trial court erred in rendering partial summary judgment, we grant Petitioner's application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and remand this case to the court of appeals for review on the merits of the grant of partial summary judgment. *See* TEX.R.APP. P. 59.1.