**Ken FRAZIER, Individually and d/b/a Assured Risk Consultants, Appellants,**

v.

**PROGRESSIVE COMPANIES, Appellee.**

No. 05–99–01133–CV.

Court of Appeals of Texas, Dallas.

Aug. 22, 2000.

E. Stratton Horres, Jr., Lee L. Cameron, Jr., Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Dallas, for appellant.

Kelli Noelle Arnold, Frank M. Gilstrap, Hill, Moorhead, P.C., Arlington, for appellee.

Before Justices WHITTINGTON, JAMES, and O'NEILL.

## OPINION

Opinion By Justice WHITTINGTON.

Ken Frazier, individually and d/b/a Assured Risk Consultants, appeals a partial summary judgment in favor of Progressive Companies. On appeal, Frazier raises three issues, contending generally (i) the partial summary judgment is void and (ii) the trial judge erred in ruling that Progressive was entitled to contractual and common law indemnity. We affirm the trial court's order dismissing this cause for want of prosecution.

BACKGROUND

On September 26, 1995, Frazier, an insurance agent, sold Jose Vara a six-month automobile insurance policy. Progressive was the insurance company on the policy. Vara paid Frazier the full amount of the policy premium.

On March 15, 1996, Vara had a wreck, and his car was totaled. Vara submitted a $22,231 claim to Progressive. Stating that Vara's policy had been previously canceled due to nonpayment of premiums, Progressive denied Vara's claim on March 22, 1996.

Vara sued Progressive and Frazier alleging causes of action for breach of contract, deceptive trade practices, violation of the insurance code, and breach of the duty of good faith and fair dealing. Progressive and Frazier each filed a cross-claim. The trial judge granted Progressive's motion for summary judgment and severed Progressive's indemnity claim against Frazier from the Vera lawsuit.

On January 6, 1998, the Vara lawsuit settled. Progressive agreed to pay $125,000, and Frazier agreed to pay $25,000. Subsequently, the trial judge dismissed Progressive's indemnity lawsuit for want of prosecution. Frazier appeals the trial court's partial summary judgment holding that Progressive has a right to indemnification from Frazier.

PARTIAL SUMMARY JUDGMENT

In his first issue, Frazier contends the partial summary judgment is void because the trial judge subsequently dismissed the case for want of prosecution. Frazier argues that Progressive should not be allowed to benefit from the favorable partial summary judgment because it thereafter failed to prosecute the case, leading to a dismissal order. In particular, Frazier argues Progressive should not be allowed to use the partial summary judgment ruling to prevent him from defending against the indemnity claim in another lawsuit currently pending between the parties.

The supreme court has addressed the effect that a dismissal of a case has on a partial summary judgment. *See Newco Drilling Co. v. Weyand,* 960 S.W.2d 654 (Tex.1998); *Hyundai Motor Co. v. Alvarado,* 892 S.W.2d 853 (Tex.1995). In *Newco,* the trial court granted the defendants' motion for partial summary judgment barring the plaintiff from recovering certain types of damages. Subsequently, the trial court dismissed the lawsuit for want of prosecution. The issue before the supreme court in *Newco* was whether a partial summary judgment survives a dismissal for want of prosecution. In concluding that the partial summary judgment survived, the court

594

reasoned that a plaintiff "who after suffering an adverse summary judgment allows his claims to be dismissed for want of prosecution, should likewise be barred from having a second bite at the apple." *Newco*, 960 S.W.2d at 656.

In *Hyundai*, as in *Newco*, the defendant obtained a partial summary judgment on some of the plaintiffs' claims. Subsequently, the plaintiffs filed a motion to nonsuit the entire case. The plaintiffs then filed a new petition in a different county alleging the same causes of action, including those causes of action on which the defendant had obtained the partial summary judgment. *Hyundai*, 892 S.W.2d at 854. The court concluded that the nonsuit resulted in a dismissal with prejudice as to the issues decided in the partial summary judgment. *Hyundai*, 892 S.W.2d at 854.

Both *Newco* and *Hyundai* involved defendants who obtained partial summary judgments and plaintiffs who then attempted to avoid the effects of those partial summary judgments by either obtaining nonsuits or allowing the case to be dismissed for want of prosecution. This fact pattern is essential to the holdings in *Newco* and *Hyundai*. This crucial fact pattern is absent in this case. In this case, Progressive, as plaintiff in its cross-action against Frazier, sought and obtained a partial summary judgment. After severing the cross-action from Vara's lawsuit, the trial court then dismissed the lawsuit between Progressive and Frazier for want of prosecution.

The policy reasons for holding, as the court did in *Newco* and *Hyundai*, that the partial summary judgments survived the dismissal for want of prosecution and the nonsuit do not exist here. By its own inaction, Progressive allowed its lawsuit to be dismissed. Nevertheless, despite this inaction which led to the dismissal of the lawsuit, Progressive still wants to retain the partial summary judgment favorable to it. This, we conclude, it cannot do.

The general rule is that a dismissal for want of prosecution is a dismissal without prejudice. *See Melton v. Ryander*, 727 S.W.2d 299, 303 (Tex.App.-Dallas 1987, writ ref'd n.r.e.). We conclude, under these circumstances, there is no reason to apply the exception enunciated in *Newco* and *Hyundai* and, therefore, the partial summary judgment in favor of Progressive did not survive the trial court's dismissal order for want of prosecution.

We sustain Frazier's first issue. The trial court's order of dismissal for want of prosecution is a dismissal without prejudice. We affirm the dismissal for want of prosecution.