COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 BRIDGESTONE
 CORPORATION,
  
                             Appellant,
  
 v.
  
 CAROLINA PRU
 BELLORIN, ET AL.,
  
                             Appellees.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00123-CV
  
 Appeal from the
  
 143rd District Court
  
 of Reeves County, Texas 
  
 (TC# 01-05-17066-CVR) 
  
 
 


OPINION ON APPELLANT=S MOTION TO DISMISS

INTERLOCUTORY APPEAL

 

Before the Court is an interlocutory
appeal from the district court=s denial of Bridgestone Corporation=s special appearance.  Appellant Bridgestone Corporation submits
this motion to vacate the trial court=s order and dismiss appeal because
the plaintiff in the underlying matter has asked the Dallas County District
Court to sign an order of nonsuit, dismissing the underlying matter.  We vacate the trial court=s order denying the special
appearance and dismiss the appeal as moot.








Following the institution of this
appeal, appellee Bellorin filed its notice nonsuiting Bridgestone in the trial
court.  Rule 162 of the Texas Rules of
Civil Procedure gives a plaintiff the right to take a nonsuit at any time
before he has rested his case.  Tex. R. Civ. P. 162.  The nonsuit renders this appeal moot.

The dismissal of the action against
Bridgestone vitiates the earlier interlocutory order.  See In re Bennett, 960 S.W.2d 35, 38
(Tex. 1997); Hyundai Motor Co. v. Alvarado, 892 S.W.2d 853, 854-55 (Tex.
1995).  As the order denying Bridgestone
Corporation=s special appearance is an
interlocutory order not reflecting any judgment on the merits of the case, we
must vacate that order of the trial court.

Conclusion

We vacate the trial court=s order denying Bridgestone=s special appearance, grant the
appellant=s motion, and dismiss the
interlocutory appeal as moot.

 

SUSAN
LARSEN, Justice

October 31, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)