# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00179-CV

**Ed Okerson, Appellant**

**v.**

**TBF Financial, L.L.C., Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF DALLAS COUNTY
NO. 02-06906-A, HONORABLE RUSSELL H. RODEN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In this garnishment action, Ed Okerson appeals the judgment favoring TBF Financial, L.L.C. ("TBF") and awarding TBF funds from Okerson's account at Bank of America. Okerson contends that the garnishment is improper because the judgment debt underlying the garnishment is invalid. He asserts that the underlying judgment was an interlocutory judgment that was erased by a subsequent dismissal of the underlying cause of action for want of prosecution. We will affirm the judgment.

## BACKGROUND

Okerson, doing business as Cloverleaf Technologies and Cloverleaf Technologies, Inc., leased equipment from TBF's predecessor-in-interest, Colonial Pacific Leasing Corp.; for convenience, we will refer to TBF and all of its predecessors-in-interest as TBF. Okerson asserts

in his brief without contradiction that Cloverleaf's business operations, including the equipment lease, were assumed by Southbrook Capital, Inc. (which changed its name to USA Connect, Inc.), a corporation wholly owned by C. Cleave Buchanan. Okerson asserted that USA Connect stopped paying TBF on the lease.

TBF sued Okerson for breach of contract, and Okerson filed third-party claims against Buchanan and USA Connect for contribution and indemnity for their failure to pay on the lease. (We will refer to this as "the original suit.") On August 24, 1999, the trial court granted summary judgment to TBF on its claims against Okerson, awarding TBF $58,688.88 plus interest and attorney's fees. In February 2000, TBF moved to sever its claims from the third-party claims, but the court denied its motion. Thus, Okerson's third-party claims remained pending.

The court set the case for trial on March 27, 2000. In an order signed that date, the court wrote, "This case is dismissed for want of prosecution for failure to announce pursuant to Dallas Local Court Rule 3.02(a), Announcements Concerning Readiness for Trial."

In this cause, TBF applied on June 4, 2002 for a writ of garnishment against Bank of America. (We will refer to this as "the garnishment suit.") The trial court granted the writ of garnishment, and declined to dissolve it upon Okerson's request. Okerson filed an interlocutory appeal from the court's refusal to dissolve the writ. That appeal is appellate cause number 03-02-00628-CV.

While that appeal was pending, the trial court continued to consider the merits. The court granted judgment to TBF, ordering Bank of America to use funds in Okerson's Bank of America accounts to pay TBF $1,941.86 and to reimburse itself for $700 in attorney's fees for

2

defending the garnishment. Okerson filed a notice of appeal from that action, thereby commencing appellate cause number 03-03-00179-CV.

Both cases were transferred to this Court pursuant to docket equalization. This Court consolidated the two appeals under appellate cause number 03-03-00179-CV.

**DISCUSSION**

Okerson's sole issue on appeal is his contention that the garnishment is improper because the underlying cause was dismissed; this was also his sole issue in the consolidated interlocutory appeal. After granting an interlocutory summary judgment to TBF on its claims against Okerson, the trial court subsequently dismissed the case. The court based its dismissal on failure to comply with a Dallas local rule that states, "In all cases set for trial in a particular week, counsel are required to make announcements to the Court Administrator on the preceding Thursday and in any event, no later than 10:30 A.M. on the preceding Friday concerning their readiness for trial." Dallas (Tex.) Civ. Ct. Loc. R. 3.02(a). The rule goes on to provide, "If Plaintiff does not make an announcement by 10:30 A.M. on Friday preceding the week in which the case is set for trial, the Court may dismiss the case for want of prosecution." *Id*. 3.02(b). Okerson infers that the trial court ordered the dismissal because TBF, the plaintiff in the underlying cause, failed to announce ready. Because the dismissal order does not expressly preserve the interlocutory summary judgment, Okerson reasons, it was swept away by the dismissal.

Okerson's focus only on the language of the dismissal ignores the Texas Supreme Court's instruction that reviewing courts look at the entire record to explain the effect of judgments that precede trials. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203-04 (Tex. 2001). In that

3

case, the supreme court held that, even if the judgment plainly states that "all relief not granted is denied," the judgment may not be final. A reviewing court may look to the rest of the record to determine whether a judgment is final. *Id*. at 206. Although the *Lehmann* case concerns the finality of orders, its relevance to this case is the holding that we may look at the entire record to determine the scope of a final judgment.

The supreme court has also held that parties cannot escape the effect of unfavorable partial summary judgments by allowing the rest of the case to be dismissed for want of prosecution or taking a nonsuit. *Newco Drilling Co. v. Weyand*, 960 S.W.2d 654 (Tex. 1998) (dismissal); *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853 (Tex. 1995) (nonsuit). In *Newco*, the court held that the summary judgment against some of the plaintiff's claims survived the dismissal for want of prosecution of the remainder of the claims and barred plaintiff from raising the defeated claims again. *See* 960 S.W.2d at 656. In *Hyundai*, the court likewise held that the summary judgment against some of the plaintiff's claims survived the plaintiff's nonsuit and prevented plaintiff from asserting those claims in a later lawsuit. *See* 892 S.W.2d at 854. Since these cases, the Dallas court has held that a party who obtains a partial summary judgment on a cross-claim against a codefendant, but then allows the whole claim to be dismissed for want of prosecution, does not get the benefit of the partial summary judgment. *See Frazier v. Progressive Cos.*, 27 S.W.3d 592, 594 (Tex. App.—Dallas 2000, pet. dism'd by agr.). The *Frazier* opinion seems contrary to *Newco* and *Hyundai* because it holds that the partial summary judgment did not survive the dismissal. However, all three cases share the underlying rationale that a party who allows or causes a case to be dismissed cannot benefit thereby.

4

In this case, Okerson seeks a declaration that the dismissal wiped out an adverse partial summary judgment. The dismissal order itself lends some support to his view because it does not limit the scope of its dismissal. Okerson argues that, because TBF was the plaintiff and the case was dismissed for the *plaintiff's* failure to announce, the court's order dismissed TBF's claims—including those resolved in its favor on summary judgment. Examination of the rest of the record,[1] however, indicates that Okerson failed to announce ready, that the dismissal applied only to Okerson's third-party claims, and thus that TBF's summary judgment survived the dismissal. Review of TBF's petition, Okerson's answer, and the summary judgment show that the summary judgment disposed of all claims between TBF and Okerson. No other claims remained pending by or against TBF. There was nothing left for TBF to prosecute; put another way, there was nothing left for TBF to announce ready to prosecute or to fail to prosecute. The only claims that remained pending were Okerson's third-party claims against Buchanan and USA Connect; Okerson was the plaintiff with regard to those claims. Thus, the record shows conclusively that the plaintiff who failed to make an announcement of ready was third-party plaintiff Okerson, not original plaintiff TBF; thus the court dismissed Okerson's claims and not TBF's claims.

This ruling is consistent with the rationale that underlies *Newco*, *Hyundai*, and *Frazier*. If anything, the rationale more strongly supports this cause by preventing Okerson from

---

[1] The parties dispute whether we can consider docket entries made by the trial court in the original suit that indicate that the March 2000 hearing concerned only the third-party claims. We need not resolve that dispute, because the record otherwise supports the conclusion that the March 2000 hearing and the dismissal concerned only the third-party claims.

escaping the judgment against him in favor of TBF by allowing his own claims against other parties to be dismissed for want of prosecution.

We resolve the sole issue on appeal in favor of the judgment.

## CONCLUSION

We conclude that the only effect the March 2000 dismissal had on the summary judgment favoring TBF in the original lawsuit is that it made TBF's judgment final and appealable. The garnishment in this case, based on that final judgment, is thus valid and enforceable.

We affirm the judgment.

                                                  _____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed:   October 16, 2003

6