PER CURIAM HEADING






                     NO. 12-04-00187-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


ACE CONTRACTING ENTERPRISES, INC.
AND CHARLIE MCDONALD,                         §     APPEAL FROM THE 
APPELLANTS

V.                                                                         §     COUNTY COURT AT LAW OF

WILLIAM C. MANNING,
APPELLEE                                                        §     HENDERSON COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            Appellants Ace Contracting Enterprises, Inc. and Charlie McDonald attempt to appeal a
partial summary judgment signed by the trial court on April 22, 2002. In their notice of appeal,
Appellants state that the partial summary judgment became final on or about March 8, 2004 when
the remaining issues in the case were nonsuited. However, the materials filed in the appeal do not
include the nonsuit order.
            A partial summary judgment is interlocutory, but becomes reviewable on appeal after the trial
court renders a final judgment that disposes of the whole case. See Newco Drilling Co. v. Weyand,
960 S.W.2d 654, 656 (Tex. 1998). Consequently, on June 15, 2004, the Clerk of this Court notified
Appellants, pursuant to rule of appellate procedure 37.2, that the information received in this appeal
does not include a final judgment or appealable order and therefore does not show the jurisdiction
of this Court. Appellants were further notified that the appeal would be dismissed unless the
information filed was amended on or before June 25, 2004 to show our jurisdiction. 
            Moreover, unless an appellant timely files a motion for new trial or other post-judgment
motion that extends the appellate deadlines, its notice of appeal is due to be filed “within 30 days
after the judgment [was] signed.” Tex. R. App. P. 26.1(a). Appellants filed no such motion. 
Therefore, if on March 8, 2004 the trial court signed an order granting a nonsuit on all remaining
issues, Appellants’ notice of appeal was due to have been filed on April 7, 2004. However,
Appellants filed their notice of appeal on June 9, 2004. Thus, even if the information filed in the
appeal included a nonsuit order dated March 8, 2004, Appellants’ notice of appeal was untimely, and
this Court would not have jurisdiction to consider the appeal.
            In an additional notice, also dated June 15, this Court informed Appellants, pursuant to rule
of appellate procedure 42.3(a), that their notice of appeal was untimely, and also informed
Appellants that the appeal would be dismissed unless the record was amended on or before June 25,
2004 to establish the jurisdiction of this Court. 
            Appellants have neither responded to our notices or otherwise shown the jurisdiction of this
Court.
            This Court’s appellate jurisdiction is limited to appeals from final judgments and such
interlocutory orders as the legislature has deemed appealable. City of Houston v. Kilburn, 849
S.W.2d 810, 811 (Tex. 1993); see, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon
Supp. 2003). Further, this Court is not authorized to extend the time for perfecting an appeal except
as provided by Texas Rules of Appellate Procedure 26.1 and 26.3. Accordingly, we dismiss the
appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).
Opinion delivered June 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.





(PUBLISH)