Dismissed and Memorandum Opinion filed September 9, 2004









Dismissed and Memorandum Opinion filed September 9,
2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00688-CV

____________

 

JESSE RAY WILSON, Appellant

 

V.

 

DON RITTER, JIM YORK, BARRY BOORSTEIN, DAVID CHAN,

and LUCITA WILSON, Appellees

 



 

On
Appeal from the 309th District Court

Harris
County, Texas

Trial
Court Cause No. 02-50231

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from orders granting motions for summary
judgment signed April 9, 2003 and June 4, 2003, and an order of dismissal
signed September 19, 2003.  The clerk=s record was filed July 28, 2003, and
a supplemental clerk=s record was filed January 23, 2004.  The records indicate that there is no final
judgment.  There is no order disposing of
appellant=s claims against Lucita Wilson.  








Unless a statute specifically authorizes an interlocutory
appeal, appellate courts have jurisdiction only over final judgments.  Cherokee Water Co. v. Ross, 698 S.W.2d
363, 365 (Tex. 1985).  A partial summary
judgment is a decision on the merits unless set aside by the trial court.  Hyundai Motor Co. v. Alvarado, 892
S.W.2d 853, 855 (Tex. 1995).  It becomes
final upon the disposition of the other issues of the case.  Id. 
If there is a dismissal, nonsuit or a severance of the remaining issues
against Lucita Wilson, the partial summary judgments would become final.  See Chase Manhattan Bank, N.A. v. Lindsay,
787 S.W.2d 51, 53 (Tex. 1990).  

Texas Rule of Appellate Procedure 27.2 provides as follows:

The appellate court may allow an appealed order that
is not final to be modified so as to be made final and may allow the modified
order and all proceedings relating to it to be included in a supplemental
record.

 

Tex. R. App. P. 27.2.  Thus,
this court has discretion to permit the parties to take the steps necessary
make the orders being appealed final.

Accordingly, on July 29, 2004, we ordered the case
abated and remanded to the trial court for a period of thirty days to permit the
parties to obtain an order disposing of the claims against Lucita Wilson.  More than thirty days have elapsed and no
supplemental clerk=s record
containing an order disposing of the claims against Lucita Wilson has been
filed in this court.  In addition, no
request for an extension of the thirty-day abatement period has been requested.

Therefore, we must conclude that we lack
jurisdiction to consider this appeal in the absence of a final judgment
disposing of all parties and claims. 
Accordingly, the appeal is ordered dismissed.

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed September 9, 2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman.