TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00126-CV






Brian Edward Vodicka and Steven Benton Aubrey, Appellants


v.


Gregory H. Lahr a/k/a Greg Lahr, both individually and d/b/a Capital Advantage; 

Peter Barlin; Sandra Gunn; CFS Associates, Inc. d/b/a Creative Financial Solutions;
Mitchell D. Savrick; and Savrick Schumann Johnson McGarr Kaminski & Shirley, LLP,
Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. D-1-GN-08-004312, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING




O R D E R


PER CURIAM

 Appellees Mitchell Savrick and Savrick Schumann Johnson McGarr Kaminski
& Shirley, LLP, (collectively "Savrick") moved to dismiss this appeal, contending that appellants
voluntarily nonsuited their "entire case" in the trial court, leaving nothing for appeal and no
jurisdiction in this Court. We overrule the motion to dismiss.

 Appellants Brian Edward Vodicka and Steven Benton Aubrey sued Savrick
and others for various causes of action. The trial court entered various orders in Savrick's favor,
including a summary judgment on appellants' non-negligence claims and a dismissal of Aubrey's
malpractice claim for lack of standing. On the eve of trial, appellants filed a notice of nonsuit that
provided as follows:


 Pursuant to Tex. R. Civ. P. 162, Plaintiffs hereby give notice to this Honorable Court
and to all parties to this suit that Plaintiffs are taking a nonsuit, without prejudice, of
their entire case against all Defendants, effective immediately upon the filing of this
notice on this 20th day of January, 2010.


Savrick asserts that the nonsuit of the entire case extinguishes the case and controversy completely.
See University of Tex. Med. Branch at Galveston v. Estate of Blackmon, 195 S.W.3d 98, 100
(Tex. 2006). Savrick argues that this disposition leaves nothing to review and renders the
appeal moot.

 We conclude, however, that appellants did not have the ability to nonsuit claims
on which they had received an adverse ruling and that the trial court's substantive rulings made
before the notice of nonsuit was filed became final and appealable when the notice of nonsuit was
filed. See Hyundai Motor Co. v. Alvarado, 892 S.W.2d 853, 854-55 (Tex. 1995). In Hyundai, the
supreme court determined that a partial summary judgment rendered against some of plaintiffs'
claims survived a later-filed nonsuit. Id. at 855. Savrick asserts that the Hyundai opinion concerns
only finality--a separate issue from appealability--and that appellants' nonsuit of the "entire case"
applies to all of appellants' claims and prevents appeal. However, the supreme court noted in
Hyundai that "[a] partial summary judgment is a decision on the merits unless set aside by the
trial court." Id. More to the point, the supreme court held that "[o]nce a judge announces a decision
that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit." Id.
(emphasis added). In other words, after the partial summary judgment and dismissal orders in this
case, the relevant claims were no longer part of the "entire case" that appellants had the ability to
nonsuit. Those issues, therefore, were not extinguished by the nonsuit under the Blackmon case
on which Savrick relies. See 195 S.W.3d at 100. While the supreme court held that a "nonsuit
sought after such a judicial pronouncement results in a dismissal with prejudice as to the issues
pronounced in favor of the defendant," id., a dismissal with prejudice is appealable. See Newco
Drilling Co. v. Weyand, 960 S.W.2d 654, 655-56 (Tex. 1998) (dismissal of claims for want of
prosecution acted as dismissal with prejudice of claims previously resolved by partial summary
judgment, so long as the partial summary judgment was not otherwise vacated). Appellants may
challenge on appeal adverse substantive rulings made before they filed their notice of nonsuit. The
motion to dismiss is overruled.

 Ordered August 13, 2010.



Before Justices Puryear, Pemberton and Waldrop