ACCEPTED
05-15-00586-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
9/21/2015 5:54:39 PM
LISA MATZ
CLERK

## NO. 05-15-00586-CV

### IN THE COURT OF APPEALS
### FOR THE FIFTH DISTRICT OF TEXAS
### AT DALLAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
9/21/2015 5:54:39 PM
LISA MATZ
Clerk

### LEE ARTHUR BUSH

### APPELLANT

### V.

### EMMA JEAN BUSH

### APPELLEE

On Appeal from the 254th District Court of Dallas County, Texas
The Honorable James Martin (deceased) presiding

### APPELLEE'S BRIEF

Appellee's attorney
Thelma S. Clardy
610 Uptown Blvd. #2000
Cedar Hill, TX  75104
Tel: 972-298-6001
Fax: 972-432-7646
E-mail: thelclardy2012@att.net

### NO ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**

Lee Arthur Bush

**Appellee**

Emma Jean Bush

**Trial Counsel for Appellant Appellee**

Robert S. Widner

2911 Turtle Creek Blvd.

Suite 405

Dallas, TX  75219

**Trial and Appellate Counsel for**

Thelma S. Clardy

610 Uptown Blvd.

Suite 2000

Cedar Hill, TX  75104

**Appellate Counsel for Appellant**

Chad M. Ruback

8117 Preston Rd.

Suite 300

Dallas, TX  75225

[1]

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................ [1]

TABLE OF CONTENTS.............................................................. [2]

INDEX OF AUTHORITIES ......................................................... [3]

STATEMENT OF THE CASE......................................................... [4]

RESPONSE TO ISSUES ON APPEAL…….................................... [5]

STATEMENT OF FACTS…................................................... 1

ARGUMENT ........................................................................ 2

      ARGUMENT RELATED TO ISSUE 1............................................ 2

      ARGUMENT RELATED TO ISSUE 2: ......................................... 6

PRAYER............................................................................ 9

CERTIFICATE OF COMPLIANCE ............................................ 10

CERTIFICATE OF SERVICE ................................................... 10

**APPENDIX A:** COMPLETE CASE HISTORY REGISTER

# INDEX OF AUTHORITIES

Tex. Family Code, Sec. 6.711

*Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853 (Tex. 1995)

*In the Marriage of C.A.S.*, 405 S.W.3d373 (Tex.App. – Dallas 2013)reh. Dismissed.

*Pakdimounivong v. City of Arlington*, 210 S.W.3d 401, 412 (Tex.App – Fort Worth 2006, pet. denied).

*White v. Harris-White*, No. 01-07-00521-CV, 2009 WL 1493015 at *6 (Tex.App.-Houston [1st Dist.] May 28, 2009, pet.denied)

## STATEMENT OF THE CASE

This is a divorce case initiated by Appellee, Emma Jean bush. Appellant, Lee Arthur Bush, is appealing certain parts of the division of property. After a bench trial before the Honorable James B. Martin, at which both parties were represented by counsel, Judge Martin signed a written rendition on January 11, 2015 explaining his decision and making a division of the property. A visiting judge signed the formal Final Decree of Divorce on February 26, 2015. Judge Martin died on April 19, 2015 after a lengthy battle against cancer.

## RESPONSE TO ISSUES ON APPEAL

**RESPONSE TO ISSUE #1**:   The "Rule 11 agreement" relied upon by Appellant was made in a case that was initiated in 2002 but was voluntarily nonsuited by the parties some six years prior to the filing of the lawsuit at issue here. (RR 61).   That agreement – signed by the lawyers in that case and not the parties – was made during the pendency of, filed in, and specifically referenced in that other cause.  It has no relationship nor application to this cause.   Thus, there was no agreement to be established in the case at bar.   Furthermore, Appellant did not seek to enforce the whole agreement, nor did he prove that any part of the agreement had actually been performed.

The trial court did not commit reversible error in awarding certain property to Appellant.   Appellant's verbal testimony was insufficient to conclusively prove by clear and convincing evidence that the two pieces of realty were his separate property.   Appellant admitted that he had "tracing" documents that supposedly proved his contention but his lawyer failed--or perhaps refused—to introduce them into evidence.   Only after his trial lawyer withdrew, did Appellant as pro se file the documents with the Court, which was a dilatory and improper effort on his part to support his position.

**RESPONSE TO ISSUE #2**: Proposed findings of fact and conclusions of law were submitted to the court.   The failure to issue findings of fact and conclusions of law was not a fatal error and did not prevent Appellant from knowing the reasons for the court's ruling.

## STATEMENT OF FACTS

In March, 2013, Appellee filed her petition for divorce against appellant, to which Appellant responded by filing a counter petition. (RR – 11-19; RR – 25-37). During the case, appellant at times represented himself but at the time of trial was represented by counsel. During the pendency of the trial, appellee propounded discovery to appellant but he submitted incomplete responses. Additionally, appellee was required to respond to appellant's groundless pleadings wherein he sought to revive a 2002 case which was voluntarily nonsuited by both parties and was never reinstated or appealed.

At the trial, at which the husband was represented by counsel, he failed to provide clear and convincing evidence to support his argument regarding the division of property.

## THE ARGUMENT

I.     **APPELLANT'S ATTEMPT TO RAISE A DEFUNCT RULE 11 AGREEMENT FROM A NONSUITED CASE WAS PROPERLY REJECTED; HE FAILED TO INTRODUCE SUFFICIENT EVIDENCE AT TRIAL TO SUPPORT HIS CLAIM THAT THE TWO PIECES OF REAL PROPERTY WERE HIS SEPARATE PROPERTY.**

*(Appellee's Response to Issue No. 1)*

Appellant throughout the processing of this case at the trial court level, argued that a Rule 11 agreement entered in an earlier divorce case initiated in 2002 by Appellee deserved to be honored. He started his argument by initially filing a motion to enforce a Rule 11 agreement, which had been entered in the earlier 2002 case. Cause No. DF-02-20587-V (hereinafter referred to as the "2002 case") (RR 38-46). In his motion, appellant argued that the Rule 11 agreement should be enforced as a contract because of alleged adherence to said agreement by both parties. (RR 39). In the 2002 case referred to by appellant, the parties had voluntarily nonsuited the 2002 case in which they both signed the nonsuit order which was signed on May 3, 2006 (RR 61). The nonsuit was never appealed nor was any type of motion for new trial was filed. Thus, the case was

dead as of May 3, 2006 – over eight years ago! In response to Appellant's frivolous motion, Appellee filed a motion to deny relief and quash motion for enforcement of property division (RR 56-60). In her controverting affidavit attached to the motion, appellee made it clear that the purported Rule 11 agreement was null and void, as it was of no force and effect in this case. (RR 58).

At the trial court level, the Associate Judge initially issued a ruling transferring the 2013 case to the 2002 case (RR 75), to which Appellee filed an appeal (RR 76-77). Appellant was thus attempting to enforce compliance of an agreement that died in the 2002 case when that case was nonsuited into the case at bar. **No Rule 11 agreement was entered in this case.** This was made clear in Appellee's responsive brief, in which she stated in her controverting affidavit that there was no Rule 11 agreement to enforce nor was there any legal basis for doing so. (RR 58-59). Based on the legal authority cited therein, the court overruled the Associate Judge's decision and maintained jurisdiction of the parties and the 2013 divorce case (RR 80-81). In its ruling, the court clearly stated that "*it is settled law that a Rule 11 agreement is revocable at any time until the Court accepts it as the agreement of the parties and treats it as an agreed stipulation that is incorporated in a final order or Decree. In this case, the Rule 11 agreement was filed among the papers in the case, but there never was a Final order or Final Decree of Divorce*

*and the Rule 11 agreement becomes a nullity when the case is dismissed by the agreement of both parties."* (RR 80). Since the 2002 case was nonsuited, there was no final decree of divorce into which the Rule 11 agreement could be incorporated.

Further, the Texas Supreme Court has ruled that a nonsuit results in a dismissal with prejudice as to the issues decided in a partial summary judgment. *Hyundai Motor Co. v. Alvarado,* 892 S.W.2d 853 (Tex. 1995). In the cited case, the Supreme Court went on to state that a nonsuit sought after judicial pronouncement results in a dismissal *with prejudice* as to the issues pronounced in favor of the defendant.

There are additional reasons for denying Appellant's argument alleging error as noted below. First of all, he failed to produce clear and convincing evidence to support his position.

Secondly, he was referring to an agreement that was not entered in this case but was entered in the nonsuited 2002 case and thus was of no effect in the instant case (RR 41-45). It is undisputed that the Rule 11 agreement was signed in the 2002 case that is defunct and never had a final decree or other final order entered other than the nonsuit (RR 41-45). The agreement is expressly entitled "Rule 11 Agreement" and expressly references Cause No. DF-02-20587-**not Cause No. DF-13-06120-R – which is the case at bar.** Thus, the Rule 11 agreement

clearly applied only to the 2002 lawsuit. Judge Martin, when he denied appellant's motion to transfer or consolidate clearly ruled that the Rule 11 agreement became a nullity when the case was dismissed. (RR 80). He also ruled that because the 2002 case was nonsuited in 2006, there was no case into which to consolidate the 2013 case, and there was no Rule 11 agreement to enforce (RR 80). Additionally, appellant has not cited any Texas judicial opinion – nor have we found one – that holds that a Rule 11 agreement filed in a case that was voluntarily dismissed survives the dismissal but can nevertheless be filed years later in another lawsuit and enforced as a contract in that lawsuit. The Rule 11 agreement from the 2002 case does not explicitly or implicitly state that it survives the 2002 lawsuit.

Courts construe Rule 11 agreements in light of the surrounding circumstances, including the pleadings, at the time the agreement is made and will not construe Rule 11 agreements beyond their intended application. *Austin v. Austin*, 603 SW 204; 587 SW2d 188, n.r.e.

As already stated, appellant failed to produce sufficient evidence *in this case* to support his argument. As a matter of fact, appellant Lee failed to respond to discovery propounded by Appellant to prove that he used separate funds to purchase certain real estate. Appellant had to file motions to compel not once but twice to get Appellant to produce discovery which Appellant never

completely responded even as of the time of trial (RR 152). Instead, during the trial, he made self-serving statements about what he reportedly paid and the source of the funds to purchase the property, to which the court gave little if any weight.

Thus, appellant's argument that the trial court committed reversible error in awarding certain real estate to appellee is without merit.

## ISSUE NO. 2 THE EFFECT OF THE FAILURE TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW WAS NOT FATALLY DEFECTIVE

*(Appellee's Response to Issue No. 2)*

Appellant asserts that the court never made make findings of fact and conclusions of law. Although appellant does not clearly state it, it is assumed by raising this argument, that he is asserting that the court committed error by doing so and thus prevented him from knowing the basis for the court's decision.

Appellee concedes that the court never issued findings of fact and conclusions of law. However, appellant did in fact submit requested findings of fact and conclusions of law. (RR 139-142). It is noteworthy that the trial (at which both parties were represented by counsel) was presided over by the late Honorable James Martin who issued a detailed rendition of his ruling before his unfortunate passing.

He is the one who observed the demeanor of the parties and was very familiar with the history of the case. While a rendition does not amount to issuing findings of fact and conclusions of law, the level of detail in the rendition is something worth noting. Specifically, Judge Martin in his rendition following a contested trial on the merits referred to, among other things, the appellant's filing of the motion to enforce the Rule 11 agreement signed by the attorneys in the 2002 case, necessitating a response by Petitioner (appellee), the need for appellee to file a motion to compel in August 2013, to which appellant filed a motion to transfer and consolidate, and appellee having to respond to that motion, a second motion to compel filed by Appellee, and respondent's (appellant) failure to even provide adequate document production by the time of trial, and appellant's groundless motion to appoint a receiver to sell/preserve appellee's residence in which appellant had no title interest or to which he was not contributing. (RR 152). It is noteworthy that due to the scope and extent of Appellant's groundless pleadings, that appellee was awarded $2,500 in attorney's fees (RR 154).

Appellee would submit that such failure was not fatal, particularly in light of the very detailed rendition by the court. (RR 152-155). In its rendition, the court pointed out, among other things, that respondent failed to provide clear and convincing evidence of his position that certain real property was separate property, and therefore, the Court was required to consider all of the property of the parties as

community property." (RR 153). Thus, appellant cannot be heard now to argue on appeal that the property awarded to Appellee was separate property.

The Family Code, specifically, Section 6.711 provides that in a suit for dissolution of marriage, on request by a party, the court shall state in writing its findings of fact and conclusions of law concerning the characterization of each party's assets, liabilities, claims, and offsets on which disputed evidence has been presented... *In the Marriage of C.A.S., 405 S.W.3d373 (Tex.App. – Dallas 2013) reh. dismissed.*

The purpose of findings of fact and conclusions of law are necessary to apprise the appealing party of information adequate for the preparation of the party's appeal. *Pakdimounivong v. City of Arlington,* 210 S.W.3d 401, 412 (Tex.App – Fort Worth 2006, pet. denied). An ultimate fact is one that would have a direct effect on the judgment. *Id.* There is no reversible effort if the refusal to file ... findings of fact does not prevent a party from adequately presenting an argument on appeal. *Id.* The controlling issue is whether the circumstances or the particular case require a party to guess at the reasons for the trial court's decision. *White v. Harris-White, No. 01-07-00521-CV, 2009 WL 1493015 at *6 (Tex.App.-Houston [1st Dist.] May 28, 2009, pet.denied).*

The ultimate issue in this case was the just and right division of the estate. In this case, the trial court made a ruling on the division of the estate in the manner in which it deemed just and right given all the circumstances. Thus, the failure to issue findings of fact and conclusions of law was not fatally defective.

## PRAYER

In summary, the decision of the trial court was supported by the evidence and should be upheld by the Court of Appeals. The argument presented by the appellant are without merit in light of the record.

For the reasons stated herein, Appellant respectfully prays that this Court deny appellee's request for reversal of the trial court's judgment and uphold same in its entirety. Appellee further requests release of the bond to Appellee and all other costs, and other relief to which Appellee may show herself entitled.

Respectfully submitted,

THELMA SANDERS CLARDY
610 Uptown Blvd.
Suite 2000
Cedar Hill, TX 75104
Tel: (972) 298-6001
Fax: (972) 432-7646
By: *Thelma S. Clardy*

Thelma S. Clardy

State Bar No. 17604900

E-Mail: thelclardy2012@att.net

## CERTIFICATE OF COMPLIANCE

I certify that, according to my word processor's word-count function, in the sections of this brief covered by TRAP 9.4(i)(1), there are 1,902 words.

/s/ *Thelma S. Clardy*
Thelma S. Clardy

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appellee's Brief was submitted to counsel for Appellant on September 18, 2015:

Chad M. Ruback (chad@appeal.pro)

8117 Preston Rd. #300

Dallas, TX 75225

/s/ *Thelma S. Clardy*
Thelma S. Clardy

# REGISTER OF ACTIONS
## CASE NO. DF-13-06120

| | | |
|---|---|---|
| **EMMA BUSH vs. LEE BUSH** | §<br>§<br>§<br>§<br>§ | Case Type: **DIVORCE WITHOUT CHILDREN**<br>Subtype: **DIVORCE WITHOUT CHILDREN**<br>Date Filed: **03/28/2013**<br>Location: **254th District Court** |

---

### PARTY INFORMATION

| | |
|---|---|
| **PETITIONER   BUSH, EMMA JEAN** | **Lead Attorneys**<br>**THELMA SANDERS CLARDY**<br>*Retained*<br>972-298-6001(W) |
| **RESPONDENT BUSH, LEE ARTHUR** | **CHAD M RUBACK**<br>*Retained*<br>214-522-4243(W) |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

02/26/2015 JUDGMENT NON-JURY (Judicial Officer: MARTIN, JAMES)
Vol./Book 7855, Page 150, 1 pages

**OTHER EVENTS AND HEARINGS**

03/28/2013 ORIGINAL PETITION (OCA)
03/28/2013 ISSUE CITATION
03/28/2013 CASE FILING COVER SHEET
03/29/2013 **CITATION**
*ATTY RR*
BUSH, LEE ARTHUR                        Served          04/22/2013
                                       Returned        04/22/2013
04/05/2013 **ISSUE NOTICE**
04/05/2013 NOTICE OF HEARING / FIAT
04/08/2013 **NOTICE**
*EL/ATTY*
BUSH, LEE ARTHUR                        Served          04/22/2013
                                       Returned        04/22/2013
04/24/2013 **TEMPORARY ORDERS HEARING**  (9:30 AM) (Judicial Officers TURNER, DON, TURNER, DON)
Result: HEARING HELD
04/24/2013 ASSOCIATE JUDGE'S REPORT
Vol./Book 7830, Page 189, 1 pages
05/01/2013 CORRESPONDENCE - LETTER TO FILE
*TEMP ORDERS - SIGNED, COPIES MAILED 5/7/13*
05/07/2013 TEMPORARY ORDER
Vol./Book 7830, Page 378, 1 pages
05/09/2013 COUNTER CLAIM
05/09/2013 ISSUE CITATION
05/16/2013 **CITATION**
( COUNTER-PETITION ) - CERT MAIL # 9214 8901 0661 5400 0015 2952 06
BUSH, EMMA JEAN                         Served          05/20/2013
                                       Returned        05/21/2013
06/19/2013 CANCELED  PROVE UP  (8:30 AM) (Judicial Officer LOPEZ, DAVID)
*REQUESTED BY JUDGE*
06/25/2013 CASE FILING COVER SHEET
06/25/2013 MOTION - ENFORCEMENT (NON SAPCR) (NON OCA )
*RULE 11*
07/19/2013 CORRESPONDENCE - LETTER TO FILE
*COPY OF RULE 11*
07/25/2013 NOTICE OF HEARING / FIAT
07/29/2013 RESPONSE
*MOTION FOR ENFORCEMENT OF PROPERTY DIVISION*
07/29/2013 MOTION - COMPEL
08/08/2013 RESPONSE
*MOTION TO COMPEL*
08/08/2013 OBJECTIONS - MISC
*AND RESPONSE TO TEMPORARY ORDERS HEAR*
08/08/2013 MOTION - TRANSFER AND CONSOLIDATE
*WITH 02-20587-V*
08/15/2013 **MOTION HEARING**  (9:30 AM) (Judicial Officers TURNER, DON, TURNER, DON)
*ENFORCE RULE 11*
Result: CONTINUED
08/15/2013 MOTION - QUASH
*DENY RELIEF*

APPENDIX A

| | |
|---|---|
| 08/15/2013 | AFFIDAVIT |
| | CONTROVERTING |
| 08/21/2013 | **TEMPORARY ORDERS HEARING** (1:30 PM) (Judicial Officers TURNER, DON, TURNER, DON) |
| | Result: HEARING HELD |
| 08/21/2013 | BRIEF FILED |
| 08/21/2013 | **BRIEF FILED** |
| | IN SUPPORT OF TRANSFERRING SECOND FILED CASE |
| 08/21/2013 | BRIEF FILED |
| | IN SUPPORT OF TRANSFERRING SECOND FILED CASE TO THE ORIGINAL CASE |
| 08/21/2013 | MOTION - MISCELLANOUS |
| | DENY RELIEF AND QUASH MOTION FOR ENFORCEMENT |
| 08/21/2013 | NOTICE OF APPEARANCE |
| 08/21/2013 | TEMPORARY ORDER |
| | Vol./Book 7834, Page 464, 1 pages |
| 08/22/2013 | NOTICE OF APPEAL OF AJ |
| 09/30/2013 | **APPEAL AJ** (4:00 PM) (Judicial Officer MARTIN, JAMES) |
| 10/01/2013 | CORRESPONDENCE - LETTER TO FILE |
| 10/09/2013 | ORDER - MISC. |
| | DECISION |
| | Vol./Book 7836, Page 420, 1 pages |
| 11/13/2013 | CANCELED *DISMISSAL FOR WANT OF PROSECUTION (2:00 PM) (Judicial Officer MARTIN, JAMES) |
| | BY COURT ADMINISTRATOR |
| 11/26/2013 | MOTION - COMPEL |
| | Motion to Compel |
| 04/28/2014 | ORDER - SET HEARING |
| | Vol./Book 7843, Page 512, 1 pages |
| 09/09/2014 | MOTION - WITHDRAW ATTORNEY |
| 09/09/2014 | NOTICE OF HEARING / FIAT |
| 09/18/2014 | CANCELED **MOTION HEARING** (9:30 AM) (Judicial Officers TURNER, DON, TURNER, DON) |
| | REQUESTED BY ATTORNEY/PRO SE |
| | M/WITHDRAW |
| 10/09/2014 | AFFIDAVIT |
| 10/09/2014 | MISCELLANOUS EVENT |
| | SUGGESTION OF BANKRUPTCY |
| 10/13/2014 | MOTION - QUASH |
| 10/14/2014 | AMENDED CROSS-CLAIM - AMENDED COUNTER-PETITION |
| 10/14/2014 | MOTION - APPOINT MISC |
| 10/15/2014 | BENCH TRIAL (1:30 PM) (Judicial Officer MARTIN, JAMES) |
| | Result: HEARING HELD |
| 01/06/2015 | RESPONSE |
| | TO MOTION FOR APPOINTMENT OF RECEIVER |
| 01/07/2015 | **BENCH TRIAL** (1:30 PM) (Judicial Officer MARTIN, JAMES) |
| | Result: HEARING HELD |
| 01/07/2015 | DOCKET SHEET |
| 01/11/2015 | DOCKET SHEET |
| 01/23/2015 | REQUEST FOR FINDING OF FACT/CONCLUSIONS OF LAW |
| 01/27/2015 | MOTION - ENTER ORDER |
| 02/09/2015 | MOTION - NEW TRIAL |
| 02/09/2015 | NOTICE OF HEARING / FIAT |
| 02/09/2015 | AFFIDAVIT |
| | SUPPORTING |
| 02/09/2015 | MOTION - WITHDRAW ATTORNEY |
| 02/11/2015 | MOTION - WITHDRAW ATTORNEY |
| 02/13/2015 | NON-SIGNED PROPOSED ORDER/JUDGMENT |
| 02/18/2015 | ORDER - WITHDRAW ATTORNEY |
| | Vol./Book 7854, Page 453, 1 pages |
| 02/19/2015 | NOTICE PAST DUE FINDING OF FACTS/COL |
| 02/25/2015 | RESPONSE |
| | ANSWER TO RESPONDENT'S MOTION FOR NEW TRIAL |
| 02/26/2015 | **MOTION HEARING** (8:45 AM) (Judicial Officer MARTIN, JAMES) |
| | M/Sign/M/NT |
| | Result: HEARING HELD |
| 02/26/2015 | ORDER - DENY |
| | NEW TRIAL |
| | Vol./Book 7854, Page 405, 1 pages |
| 02/27/2015 | ORDER - WITHDRAW ATTORNEY |
| | Vol./Book 7854, Page 385, 1 pages |
| 02/27/2015 | REQUEST FOR FINDING OF FACT/CONCLUSIONS OF LAW |
| 03/04/2015 | VACATION LETTER |
| 03/20/2015 | MOTION - NEW TRIAL |
| 03/20/2015 | NOTICE PAST DUE FINDING OF FACTS/COL |
| 03/20/2015 | NOTICE OF HEARING / FIAT |
| 03/20/2015 | AFFIDAVIT |
| 03/20/2015 | MISCELLANOUS EVENT |
| | MISCELLANEOUS DOCUMENTS RELATED TO M/NEW TRIAL |
| 04/07/2015 | FINDINGS OF FACT/CONCLUSIONS OF LAW |
| | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| 04/07/2015 | CORRESPONDENCE - LETTER TO FILE |
| | CORRESPONDENCE |
| 04/20/2015 | RESPONSE |
| | PETITIONER'S SUPPLEMENTAL RESPONSE TO MOTION FOR NEW TRIAL |
| 04/29/2015 | **MOTION HEARING** (9:00 AM) (Judicial Officer JUDGE, VISITING) |
| | M/NT |
| | Result: HEARING HELD |

| | | | |
|---|---|---|---|
| 04/29/2015 | ORDER - DENY | | |
| | Vol./Book 7856, Page 514, 1 pages | | |
| 05/08/2015 | NOTICE OF APPEAL - CT. OF APPEALS | | |
| | Notice of Appeal-REQUESTED DESIGNATION WITHIN 3 DAYS; SUBMITTED NOA TO THE 5TH COA CONF. NO. 12161 | | |
| 05/08/2015 | REQUEST CLERK PREPARE RECORD | | |
| 05/14/2015 | BOND FILED | | |
| 05/14/2015 | MOTION - STAY | | |
| 05/28/2015 | NOTICE OF HEARING / FIAT | | |
| | NOTICE OF HEARING | | |
| 05/28/2015 | RESPONSE | | |
| | RESPONDENT'S RESPONSE | | |
| 06/12/2015 | VACATION LETTER | | |
| 06/23/2015 | RESPONSE | | |
| | PETITIONER'S AMENDED RESPONSE TO RESPONDENT'S MOTION FOR STAY | | |
| 06/24/2015 | MOTION HEARING (9:00 AM) (Judicial Officer JUDGE, VISITING) | | |
| | Resp M/Stay | | |
| | Result: HEARING HELD | | |
| 06/24/2015 | ORDER - STAY | | |
| | Vol./Book 7859, Page 80, 1 pages | | |
| 06/24/2015 | ORDER - QUALIFIED DOMESTIC RELATIONS ORDER | | |
| | Vol./Book 7859, Page 81, 1 pages | | |
| 06/25/2015 | NOTE - CLERKS | | |
| | COA NO. 05-15-00586-CV, PREPARING CLERK'S RECORD | | |
| 06/25/2015 | CLERK'S RECORD PAYMENT INVOICE | | |
| | COA NO. 05-15-00586-CV, PREPARED INVOICE EMAILED COPY TO ATTY Cause No. DF-13-06120 EMMA JEAN BUSH Vs. LEE ARTHUR BUSH Pages: 324 Clerk's Record-$ 324.00 Transcript Fee-$ 25.00 Total Fee-$ 349.00 | | |
| 06/29/2015 | APPELLATE RECORD | | |
| | COA NO. 05-15-00586-CV, REC'D PYMT IN THE AMOUNT OF $349 FROM CHAD RUBACK ATTORNEY AT LAW, SUBMITTED CLERK'S RECORD TO THE 5TH COA CONF. NO.12910 | | |
| 06/30/2015 | COA - POST CARD | | |
| | COA case no 05-15-00586-CV, postcard | | |
| 07/23/2015 | BOND FILED | | |
| 07/23/2015 | MISCELLANOUS EVENT | | |
| | CASH BOND RECEIPT | | |

## FINANCIAL INFORMATION

**PETITIONER BUSH, EMMA JEAN**
Total Financial Assessment — 277.00
Total Payments and Credits — 277.00
Balance Due as of 09/18/2015 — 0.00

| | | | | |
|---|---|---|---|---|
| 03/28/2013 | Transaction Assessment | | | 260.00 |
| 03/28/2013 | Transaction Assessment | | | 8.00 |
| 03/28/2013 | PAYMENT (CASE FEES) | Receipt # 18083-2013-DCLK | CLARDY, THELMA SANDERS | (268.00) |
| 04/05/2013 | Transaction Assessment | | | 8.00 |
| 04/05/2013 | PAYMENT (CASE FEES) | Receipt # 19849-2013-DCLK | CLARDY, THELMA SANDERS | (8.00) |
| 11/27/2013 | Transaction Assessment | | | 1.00 |
| 11/27/2013 | CREDIT CARD - TEXFILE (DC) | Receipt # 66424-2013-DCLK | BUSH, EMMA JEAN | (1.00) |

**RESPONDENT BUSH, LEE ARTHUR**
Total Financial Assessment — 620.00
Total Payments and Credits — 620.00
Balance Due as of 09/18/2015 — 0.00

| | | | | |
|---|---|---|---|---|
| 05/09/2013 | Transaction Assessment | | | 98.00 |
| 05/09/2013 | PAYMENT (CASE FEES) | Receipt # 26669-2013-DCLK | LEE A BUSH | (98.00) |
| 06/25/2013 | Transaction Assessment | | | 30.00 |
| 06/25/2013 | PAYMENT (CASE FEES) | Receipt # 35444-2013-DCLK | BUSH, LEE ARTHUR | (30.00) |
| 02/09/2015 | Transaction Assessment | | | 60.00 |
| 02/09/2015 | PAYMENT (CASE FEES) | Receipt # 7811-2015-DCLK | BUSH, LEE ARTHUR | (60.00) |
| 03/20/2015 | Transaction Assessment | | | 60.00 |
| 03/20/2015 | PAYMENT (CASE FEES) | Receipt # 16156-2015-DCLK | BUSH, LEE ARTHUR | (60.00) |
| 05/14/2015 | Transaction Assessment | | | 4.00 |
| 05/14/2015 | PAYMENT (CASE FEES) | Receipt # 27893-2015-DCLK | BUSH, LEE ARTHUR | (4.00) |
| 05/14/2015 | Transaction Assessment | | | 15.00 |
| 05/14/2015 | PAYMENT (CASE FEES) | Receipt # 27901-2015-DCLK | BUSH, LEE ARTHUR | (15.00) |
| 06/25/2015 | Transaction Assessment | | | 349.00 |
| 06/29/2015 | PAYMENT (CASE FEES) | Receipt # 37306-2015-DCLK | CHAD RUBACK ATTORNEY AT LAW | (349.00) |
| 07/23/2015 | Transaction Assessment | | | 4.00 |
| 07/23/2015 | PAYMENT (CASE FEES) | Receipt # 42546-2015-DCLK | LEE BUSH | (4.00) |