**Opinion issued March 26, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00589-CV

———————————

**WINNIE STACEY ALWAZZAN, Appellant**

**V.**

**ISA ALI ALWAZZAN AND INTERNATIONAL AGENCIES CO., LTD.,**
**Appellees**

On Appeal from the 306th District Court
Galveston County, Texas
Trial Court Case No. 13-FD-0848

## OPINION DISSENTING FROM DENIAL OF EN BANC
## RECONSIDERATION

Appellant, Winnie Stacey Alwazzan (Winnie), moved for en banc

reconsideration of the panel's majority opinion dated December 6, 2018.[1] A majority of the Court has voted to deny en banc reconsideration. I would grant it due to the importance of the law at issue in this case and its interpretation and application by the panel majority.

I believe the panel opinion and judgment are contrary to established jurisdictional case law and contrary to the Rules of Appellate Procedure, which require that a panel issue an opinion that is "as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. Here, the panel opinion fails to resolve the controlling issue of subject-matter jurisdiction. Accordingly, it keeps alive a jurisdictional and legal dispute that should have been resolved in accordance with law long ago.

This case involves subject-matter jurisdiction over four divorce actions in the same marriage filed by Winnie against her husband Isa Ali Alwazzan (Isa) and a Bahrani company owned in part by Isa's family, International Agencies Co., Ltd. (IACL). Winnie non-suited each of the first three actions. Two of those non-suits were improper because Winnie non-suited after she and Isa had both appeared and all issues had been resolved, but before a final decree of divorce had been entered. This appeal is from the fourth action, which Winnie improperly filed in the Galveston County

---

[1] *Alwazzan v. Alwazzan*, —S.W.3d —, No. 01-16-00589-CV, 2018 WL 6382061 (Tex. App.—Houston [1st Dist.] Dec. 6, 2018, no pet. h.).

district court after the Harris County associate judge had ruled on the merits of every issue in the divorce in the third action and all that remained was entry of the decree of divorce. The disposition of this case is thus controlled by *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995) (per curiam), which prohibits a party from taking advantage of a non-suit on issues that were already decided on the merits by filing another suit on those issues.

Here, the Galveston County district court, in the decision on appeal, reversed an earlier decision of that court by a visiting judge exercising jurisdiction over the divorce suit filed in that county by Winnie after she non-suited the Harris County action. The visiting judge found that Isa, who no longer lives in the United States, was adequately served by publication in a Galveston County newspaper and that IACL was adequately served by mail to an improper and incomplete address in Bahrain. The visiting judge then, in the absence of both Isa and IACL, awarded Winnie half a billion dollars in damages against IACL. Later, the presiding judge vacated all previous orders of that court, dismissed Winnie's petition for lack of subject-matter jurisdiction, and awarded sanctions against Winnie for her improper actions in Galveston.

The majority dismisses the Galveston County divorce action on residency grounds for refiling in some subsequent court. I would affirm the dismissal of the suit for lack of subject-matter jurisdiction under *Hyundai*. I would hold that the Galveston County district court did not err when it concluded that it lacked subject-matter

3

jurisdiction over this divorce action and granted Isa's plea to the jurisdiction. I would further hold that the Harris County associate judge's December 21, 2012 report was a final decision on the merits of all claims in the divorce, including the right to entry of a final decree of divorce, and that none of those claims were subject to the April 10, 2013 non-suit Winnie filed just before filing suit in Galveston County. Accordingly, I would hold that subject-matter jurisdiction over the parties' divorce action not only did not attach in Galveston County but could not attach and that the Galveston County court correctly entered judgment dismissing the case for lack of jurisdiction. I would further hold, contrary to the panel majority, that all matters pertinent to the divorce proceedings were properly adjudicated by the associate judge in the Harris County district court, in which Winnie filed her third divorce action, as clearly demonstrated by the record. Therefore, the divorce action was not subject to Winnie's later invalid non-suit. I would modify the trial court's judgment solely to condition the award of attorneys' fees as sanctions on Winnie's failure to prevail on appeal. I would affirm the judgment of the trial court as modified.

The panel majority opinion, in my view, misconstrues *Hyundai* and rejects it as inapplicable. It improperly decides that jurisdiction *could have been* established in Galveston County if Winnie had lived there long enough to establish residency (which she has never done). And it leaves the parties in legal limbo by failing to recognize the finality of the 2012 Harris County divorce proceedings and failing to establish the

4

court of proper jurisdiction over those proceedings, in violation of Texas Rule of Appellate Procedure 47.1, which expressly requires the resolution of all issues "raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1.

Both law and equity require a resolution to this case that recognizes *Hyundai*'s preclusive effect on future re-litigation of issues non-suited by a party after final resolution in a trial court, that fixes the court of exclusive jurisdiction over the underlying divorce proceedings in this case, and that brings to an end this endless relitigation of settled issues. Accordingly, I respectfully dissent from the panel opinion and from denial of en banc reconsideration, and I set forth more fully below, in response to the panel majority opinion, the grounds for applying *Hyundai* to dispose of all issues in this case.

### *Hyundai Motor Co. v. Alvarado*

In *Hyundai Motor Co. v. Alvarado*, the Texas Supreme Court addressed the effect of the plaintiffs' non-suit filed after the trial court had granted partial summary judgment in favor of the defendant on several of the plaintiffs' claims. *See* 892 S.W.2d at 854. The *Hyundai* plaintiffs, who had been injured in a car accident, sued Hyundai in Webb County and alleged several theories of liability. *Id.* Hyundai moved for partial summary judgment, arguing that most of the claims were preempted by federal law, and the trial court granted the motion. *Id.* The plaintiffs then non-suited their case in Webb County and filed a new lawsuit against Hyundai in Duval County, raising claims

identical to those claims raised in their first petition in Webb County, including the claims on which the Webb County court had granted partial summary judgment. *Id.* The Webb County court signed an order of non-suit. *Id.* Hyundai then requested the Webb County court modify that order, arguing that the plaintiffs could not refile the claims on which partial summary judgment had been granted. *Id.* The trial court agreed with Hyundai, entering an order stating that the claims adjudicated by the prior summary judgment were dismissed with prejudice. *Id.*

In addressing whether the trial court's summary judgment order survived the plaintiffs' subsequent non-suit, the Texas Supreme Court noted the general rule that plaintiffs have the right to take a non-suit at any time until they have introduced all of their evidence other than rebuttal evidence and that a non-suit may have the effect of vitiating earlier interlocutory orders. *Id.*; *see* TEX. R. CIV. P. 162. The court then stated, however, that a trial court's decisions on the merits, such as summary judgment orders and partial summary judgment orders, are *not* vitiated by a subsequent non-suit. *Hyundai*, 892 S.W.2d at 855. Noting that the plaintiff need not produce any evidence in summary judgment practice, the court reasoned that if Rule 162, which governs non-suits, "provided the only cut-off point after which a plaintiff could no longer take a nonsuit," then plaintiffs could essentially avoid any unfavorable summary judgment ruling by requesting a non-suit after the trial court had ruled on the summary judgment. *Id.* The court emphasized, "To give any force to the partial summary judgment

6

provisions, those judgments must withstand a non-suit." *Id.* (citing *Wood v. Moers*, 289 S.W. 1017, 1018 (Tex. App.—Galveston 1926, no writ) ("[W]ere the rule otherwise, there would rarely, if ever, be such a result in a trial as judgment upon an instructed verdict for the defendant, because in such cases, the plaintiff would probably resort to a nonsuit, rather than suffer the consequences of an instructed verdict against him.")). Addressing the situation at hand, the court stated,

> A partial summary judgment is a decision on the merits unless set aside by the trial court. It becomes final upon the disposition of the other issues in the case. *Once a judge announces a decision that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit.* A nonsuit sought after such a judicial pronouncement results in a dismissal with prejudice as to the issues pronounced in favor of the defendant. . . . . The dismissal is with prejudice as to the issues disposed of by the summary judgment.

*Id.* (emphasis added) (internal citations omitted) (reversing appellate court with respect to finality of non-suit).

The doctrine established in *Hyundai* has been followed in numerous cases and clearly applies here. It controls Winnie's ability to non-suit her divorce action in the Harris County court after the final ruling of the associate judge and to refile in Galveston County court. *See Gen. Agents Ins. Co. of Am., Inc. v. El Naggar*, 340 S.W.3d 552, 556–57 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (stating that court's reasoning in *Hyundai* was "rooted in the doctrines of res judicata and collateral estoppel, which 'promote judicial efficiency, protect parties from multiple lawsuits,

and prevent inconsistent judgments by precluding the relitigation' of matters that have already been decided") (quoting *In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008) (orig. proceeding)); *Curry v. Bank of Am., N.A.*, 232 S.W.3d 345, 354 (Tex. App.—Dallas 2007, pet. denied) (stating that party who has had claims "adjudicated unsuccessfully cannot later non-suit his claims to avoid the judgment"); *Yazdchi v. Bank One, Tex., N.A.*, 177 S.W.3d 399, 408 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("[I]t is well settled that a party may not escape the effects of an unfavorable ruling on the merits by taking a nonsuit of its claims.").

Here, Winnie and Isa, through his former counsel, participated in a trial on the merits before the associate judge in the Harris County action on December 10, 2012. The associate judge heard testimony from Winnie, admitted exhibits into evidence, and considered the arguments of counsel. At the end of the trial, counsel for both Winnie and Isa informed the associate judge that they had agreed to waive a de novo hearing to the referring district court judge. Winnie's counsel stated on the record in open court, "[E]verybody is waiving appeal to the referring Court . . . so that we're trying it once," and Isa's counsel responded, "That is correct, Judge. That is our agreement." This agreement was made on the record prior to the start of any hearing in the referring court.

The associate judge executed his written report on Winnie's divorce petition on December 21, 2012, entered it on January 11, 2013, and sent it to all counsel of record.

The "Associate Judge's Report" expressly pronounced, "Divorce is granted on the grounds of cruelty and adultery." It addressed conservatorship of the then-minor children, payment of child support, and division of the parties' community estate. The Report awarded IACL "and its assets and liabilities," among other property, to Isa. The report pronounced that "W[ife] is granted a judgment against H[usband] in the amount of $3,500,000 plus interest at the legal rate" and "a judgment of $75,000 against H[usband] for temporary spousal support arrearage plus interest at 6%." The Report specifically declared, "Judgment against [IACL] is denied," and thereby denied Winnie any recovery against IACL.

Winnie subsequently filed a request that the associate judge reconsider some of his property awards and make "additional rulings." In that motion, she requested that the associate judge reconsider his findings of no liability against IACL. She asked that a money judgment be awarded in her favor against IACL and Isa jointly and severally. Winnie asserted that Isa "hides his money within [IACL] and withdraws it at his whim," and she claimed that IACL "is used as a sham to protect [Isa] from his creditors." The associate judge denied Winnie's request on February 21, 2013, stating that "[t]he judgment in favor of [Winnie] against [Isa] includes consideration of the value of [IACL]."

On April 10, 2013, Winnie filed a notice of non-suit in the Harris County action, and on the same day she filed her "Original Petition for Divorce" in the Galveston

9

County action. The referring district judge of the Harris County court signed an "Order on Notice of Non-Suit" on April 12, 2013, dismissing the Harris County action. The Galveston County district court improperly exercised jurisdiction over the divorce proceedings in the absence of Isa and IACL, who had never been properly served, and, in their absence, adjudicated the exact claims the Harris County district court had adjudicated, entered the final decree of divorce the Harris County court had been prevented from entering by Winnie's non-suit, and awarded Winnie half a billion dollars against IACL. It was this judgment that the successor Galveston County district judge vacated, sanctioning Winnie and dismissing her suit for lack of subject-matter jurisdiction.

I conclude that the Texas Supreme Court's holding in *Hyundai* applies to this case. A full trial on the merits was held before a Harris County associate judge; the parties affirmatively represented to the associate judge that they did not wish to seek a trial de novo before the referring district court; that agreement was recorded in the record and both parties abided by it in all subsequent proceedings before the associate judge; the associate judge issued a written report that resolved issues of conservatorship and property division and that awarded Winnie $3.5 million against Isa but denied her recovery against IACL; Winnie sought additional rulings from the associate judge concerning, among other things, IACL's liability to her; and, after the associate judge declined to reconsider its rulings or make any additional rulings,

10

Winnie non-suited the Harris County action and filed an identical divorce proceeding against Isa and IACL on the same day in Galveston County.

I would hold that the associate judge "announce[d] a decision that adjudicate[d]" all of Winnie's claims, such that her claims were no longer subject to her right to non-suit. *See Hyundai*, 892 S.W.2d at 855; *see also* TEX. FAM. CODE ANN. § 201.007(a) (setting out powers of associate judge, including powers to conduct hearing, hear evidence, make findings of fact, formulate conclusions of law, recommend order to be rendered, and, in certain situations, render and sign final order). The actions of Winnie and her counsel in non-suiting the Harris County action and immediately filing an identical action in Galveston County were clearly taken to avoid the associate judge's rulings following a trial on the merits which, although awarding Winnie $3.5 million against Isa, awarded her no recovery against IACL. I would hold, therefore, that Winnie's subsequent non-suit of the Harris County action resulted in a dismissal of the entire action with prejudice to its refiling in another county. *See Hyundai*, 892 S.W.2d at 855 ("The dismissal is with prejudice as to the issues disposed of by the summary judgment.").

The only remaining question is what, if anything, was left to be adjudicated in the Harris County action after the December 21, 2012 Final Report of the Associate Judge issued and was entered on January 11, 2013. The answer is that nothing was left. The panel majority's argument that family court associate judges lacked authority

at that time to enter a final report is both incorrect and a red herring in that a final report is not required for preclusion of relitigation of a non-suited issue; only adjudication on the merits is required. *See id.*

Here, the parties agreed on the record in open court at the end of the trial before the Harris County associate judge to waive a de novo hearing before the referring court.[2] The associate judge adjudicated all issues in the case but erroneously informed the parties that only the referring court could grant the divorce by signing the decree. The associate judge subsequently signed and filed his final report on December 21, 2012. Under Family Code section 201.007(e), that final report constituted a final order of the referring court. *See* TEX. FAM. CODE ANN. § 201.007(e) ("An order signed

---

[2]    I note that Family Code section 201.015(g), governing a party's right to a de novo hearing before the referring court and the waiver of that right, provided that "[b]efore the start of a hearing by an associate judge, the parties may waive the right of a de novo hearing before the referring court in writing or on the record." *See* Act of May 23, 2007, 80th Leg., R.S., ch. 1235, § 7, 2007 Tex. Gen. Laws 4150, 4152 (amended 2015) (current version at TEX. FAM. CODE ANN. § 201.015(g)). It is undisputed that the parties' agreement that they did not wish to have a de novo hearing occurred at the end of the hearing before the associate judge, not before the start of the hearing. Although the parties did not strictly comply with the statute, I construe their unequivocal agreement on the record to waive a hearing before the referring district court so that the parties are "trying it once" as a Rule 11 agreement; and I conclude that by that agreement the parties waived their right to a de novo hearing. *See* TEX. R. CIV. P. 11 ("Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced . . . unless it be made in open court and entered of record."). I further note that, following the hearing before the associate judge, neither party filed a written request for a de novo hearing before the referring court. *See* Act of May 23, 2007, 80th Leg., R.S., ch. 1235, § 7, 2007 Tex. Gen. Laws at 4152 (providing that party may request de novo hearing before referring court by filing written request with clerk of referring court not later than seventh working day after date party receives notice of substance of associate judge's report).

before May 1, 2017, by an associate judge under Subsection (a)(16) [providing that an associate judge may sign a final order that includes a waiver of the right to a de novo appeal to the referring court] is a final order rendered as of the date the order was signed."). Winnie then filed a motion for additional findings, which the associate judge denied on February 21, 2013. Only after failing to get a favorable ruling on this motion did Winnie file a non-suit in the Harris County district court and immediately file a new divorce action in Galveston County. The Galveston County suit was improperly filed.

I would hold that the written "Associate Judge's Report" executed by the Harris County associate judge on December 21, 2012, and entered on January 11, 2013, was the final order and judgment of the court and became effective the day it was executed by the associate judge. All that was missing was the act of titling that final judgment on Winnie's divorce petition as a Final Decree of Divorce—a purely ministerial act not material to the judgment. Because all issues pertinent to the divorce were disposed of by the judgment, they may not now be relitigated, and any subsequent filings re-urging the issues adjudicated in the December 21, 2012 Associate Judge's Report must be dismissed with prejudice. *See* TEX. FAM. CODE ANN. § 201.007(e) (providing that order signed by associate judge under section 201.007(a)(16) prior to May 1, 2017, "is

13

a final order rendered as of the date the order was signed");[3] *Hyundai*, 892 S.W.2d at 855 ("Once a judge announces a decision that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit. A nonsuit sought after such a judicial

[3]  In 2007, the Texas Legislature amended Family Code section 201.007. That section, as amended, permitted an associate judge to sign a final order including a waiver of de novo appeal to the referring court as authorized by section 201.015 of the Code, but it did not expressly state that the associate judge had authority to render a decision. Thus, at the time of the parties' hearing before the Harris County associate judge in December 2012, Family Code section 201.007(a)(16) allowed an associate judge to "sign a final order that includes a waiver of the right of appeal [for a trial de novo before the referring district court] pursuant to Section 201.015." Act of May 25, 2007, 80th Leg., R.S., ch. 839, § 1, 2007 Tex. Gen. Laws 1748, 1749 (amended 2017) (current version at TEX. FAM. CODE ANN. § 201.007(a)(16)); *see also* Act of May 23, 2007, 80th Leg., R.S., ch. 1235, § 7, 2007 Tex. Gen. Laws 4150, 4152 (amended 2015) (current version at TEX. FAM. CODE ANN. § 201.015(a), (g)) (providing that, after hearing before associate judge, party may request de novo hearing before referring court, but also providing that parties may waive right to de novo hearing).

In 2017, however, following a decision of this Court holding that under Family Code section 201.007, as amended in June 2007, an associate judge of a family court had the power to sign a final order but not to render a final decision, the Texas Legislature again amended section 201.007 to make clear that associate judges had had such power at all times subsequent to the addition of new subsection 201.007(a)(16) in June 2007. *See* Act of May 28, 2017, 85th Leg., R.S., ch. 912, § 1.03(a), 2017 Tex. Sess. Law Serv. 3718, 3720 (current version at TEX. FAM. CODE ANN. § 201.007(e)); *see also Gerke v. Kantara*, 492 S.W.3d 791, 792–95 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

Current section 201.007(e), effective September 1, 2017, clarifies the intent of the Legislature in amending section 201.007 in 2007. It provides, "An order signed before May 1, 2017, by an associate judge under Subsection (a)(16) is a final order rendered as of the date the order was signed." TEX. FAM. CODE ANN. § 201.007(e). The Legislature also amended section 201.007(c) in 2017 to provide that "[a]n order described by Subsection (a)(14) or (16) that is rendered and signed by an associate judge constitutes an order of the referring court." *See* Act of May 28, 2017, 85th Leg., R.S., ch. 912, § 1.03(a), 2017 Tex. Sess. Law Serv. 3718, 3720 (current version at TEX. FAM. CODE ANN. § 201.007(c)).

pronouncement results in a dismissal with prejudice as to the issues pronounced in favor of the defendant.") (internal citations omitted). Accordingly, I would further hold that the Galveston County court did not err in dismissing the divorce action filed by Winnie in that court for lack of subject-matter jurisdiction.

I agree with the panel majority's sanctions ruling and its amendment of the judgement with respect to attorneys' fees, and I join that part of the opinion.

**Conclusion**

I would hold that the Galveston County court did not err when it concluded that it lacked subject-matter jurisdiction over this divorce action and granted Isa's plea to the jurisdiction. I would also hold that the Harris County associate judge's December 21, 2012 report was a decision on the merits of all claims in the divorce action and that these claims were not subject to Winnie's April 10, 2013 non-suit but became final upon the disposition of all the issues in that case by the associate judge. Therefore, I would affirm the judgment of the Galveston County trial court granting Isa's plea to the jurisdiction, dismissing all claims on the merits of the divorce, awarding sanctions against Winnie, and vacating all other orders of that court.

I would modify the trial court's judgment solely to condition the award of attorneys' fees as sanctions on Winnie's failure to prevail on appeal. I would affirm the judgment of the trial court as modified.

Evelyn V. Keyes
Justice

Panel consisted of Justices Jennings, Keyes, and Higley.

En banc reconsideration was requested. *See* TEX. R. APP. P. 49.7.

The En Banc Court consists of Chief Justice Radack and Justices Keyes, Lloyd, Kelly, Goodman, Landau, Hightower, and Countiss.

A majority of the Court voted to deny en banc reconsideration.

Justice Keyes, joined by Justice Lloyd, dissenting from denial of en banc reconsideration.

16