**AFFIRM; Opinion Filed April 24, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01272-CV

**INTO THE SUNSET REVOCABLE LIVING TRUST, Appellant**

**V.**

**DESIGN TECH HOMES LP, Appellee**

**On Appeal from the 274th District Court**
**Comal County, Texas**
**Trial Court Cause No. C2017-2027C**

## MEMORANDUM OPINION[1]

Before Justices Myers, Schenck, and Carlyle
Opinion by Justice Schenck

Into the Sunset Revocable Living Trust ("Sunset") appeals the trial court's

order confirming an arbitration award in favor of appellee Design Tech Homes LP

("Design Tech"). We affirm the trial court's judgment. Because all issues are settled

in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

---

[1] The Texas Supreme Court transferred this case from the Third District Court of Appeals to this Court. *See* TEX. GOV'T CODE ANN. § 73.001. In this procedural posture, we are bound to apply the precedent of the transferor court. TEX. R. APP. P. P. 41.3.

## BACKGROUND

On May 29, 2013, Sunset signed a construction agreement ("Agreement") with Design Tech to build a house. The Agreement contained a provision for arbitration.[2] After several disputes arose between the parties, Sunset withheld approximately $8,000[3] in payment from Design Tech. In 2015, Design Tech instituted arbitration proceedings with the American Arbitration Association ("AAA") and obtained an ex-parte arbitration award against Sunset ("First Award"). When Design Tech attempted to confirm the ex-parte arbitration award, the district court determined Sunset had not received notice concerning the arbitration proceedings and vacated the ex-parte arbitration award ("2017 Order").

Design Tech again instituted arbitration proceedings with the AAA. Sunset objected to the proceedings, arguing the AAA was not the proper entity to administer arbitration proceedings, but instead American Construction & Education Services, Inc. ("ACES") was the proper entity, as specified in the Agreement. Despite that objection, on November 21, 2017, the AAA issued a second arbitration award ("Second Award") in Design Tech's favor.

---

[2] In relevant part, the Agreement provided:

> Any claim, dispute or cause of action, between [Sunset] and [Design Tech], whether sounding in contract, ort or otherwise shall be resolved in accordance with and by following the dispute resolution guidelines set forth in the ACES Limited Warranty, the Federal Arbitration Act (Title 9 of the United States Code) and/or the Texas Arbitration Act.

The dispute resolution provision went on to define the scope of the provision and additional procedures.

[3] The record reflects Sunset admits to withholding as much as $8,123.83 from Design Tech, while the arbitration award ultimately obtained by Design Tech states the unpaid balance was $8,486.10.

On November 29, 2017, Design Tech filed the instant suit to confirm the Second Award. Sunset filed, among other requests for relief from the trial court, an amended application to vacate the Second Award. On September 19, 2018, the trial court signed a judgment confirming the Second Award ("September 2018 Order").

Following the September 2018 Order, Sunset filed a motion to modify the judgment and motion to reconsider, as well as requests for findings of fact and conclusions of law. On September 26, 2018, Sunset filed a notice of appeal of the September 2018 Order. On November 28, 2018, Design Tech filed a "Notice of Dismissal," in which it requested the trial court dismiss Sunset and its trustee with prejudice.[4] The same day, the trial court signed a "final order of dismissal" ("November 2018 Order").

## DISCUSSION

### I. Sunset's Right to Appeal

In its first issue, Sunset urges the trial court violated its constitutional right to access to the courts by depriving it of its ability to appeal this case. According to Sunset, the trial court's September 2018 Order confirming the Second Award was an interlocutory order that was vitiated by the trial court's November 2018 Order, such that the arbitration award is no longer confirmed. Sunset further urges that the

---

[4] The motion provides no grounds or further clarification of on what legal basis Design Tech sought to dismiss Sunset from the cause with prejudice.

trial court's orders leave still pending Sunset's claims to vacate the arbitration award and for attorney's fees and costs.

Under both the Federal and Texas Arbitration Acts (FAA and TAA), a reviewing court must confirm an arbitration award unless grounds exist to vacate, modify, or correct its terms. *See* 9 U.S.C. § 9; TEX. CIV. PRAC. & REM. CODE ANN. § 171.087. Further, on granting an order that confirms an award, the court shall enter a judgment or decree conforming to the order. *See* 9 U.S.C. § 9, 13; CIV. PRAC. & REM. § 171.092. In the September 2018 Order, the trial court confirmed the Second Award as follows:

> IT IS ORDERED, ADJUDGED AND DECREED that the Arbitration Award issued on November 21, 2017 by Charles S. Turet, Jr., Arbitrator for the American Arbitration Association should in all things be confirmed;

The September 2018 Order further ordered "that all other relief not GRANTED in this Order is expressly DENIED." We construe this language to be the judgment or decree contemplated by the FAA and the TAA. *See id.* Moreover, we conclude after reviewing the record that the September 2018 Order is a final judgment as it actually disposes of all claims and all parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001).

As for Sunset's arguments regarding the effects of the November 2018 Order, we conclude that order cannot have "vitiated" the September 2018 Order because a non-suit cannot vitiate a final decision on the merits. Sunset relies on authority in

which a plaintiff's non-suit of its claims on appeal have the effect of vitiating an interlocutory order on appeal. *See UTMB v. Estate of Blackmon*, 195 S.W.3d 98, 101 (Tex. 2006). Rule 162 of the rules of civil procedure permits plaintiffs to dismiss a case, or take a non-suit, "[a]t any time before the plaintiff has introduced all of his evidence." *See* TEX. R. CIV. P. 162. However, we have already concluded that the September 2018 Order is a final judgment and thus Design Tech could not have non-suited its claims. *See Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 854–55 (Tex. 1995) (per curiam) (holding nonsuit may have effect of vitiating earlier interlocutory orders but a decision on the merits is not vitiated).

Sunset alternatively argues the November 2018 Order modified the September 2018 Order pursuant to Design Tech's motion to modify with the effect of vacating the September 2018 Order. The record reflects Design Tech filed a motion to modify the judgment in which it sought to set aside the September 2018 Order and order the parties to arbitration. However, the November 2018 Order makes no mention of setting aside the September 2018 Order or ordering the parties to arbitration. It instead provided:

> On 28 Nov, the Court considered the Plaintiff's Notice of Dismissal. After due consideration of the Notice, this matter is DISMISSED, with prejudice. Court denies requests for costs and attorney's fees.

As we concluded above, Design Tech could not have dismissed its claims after the September 2018 Order.

We overrule Sunset's first issue.

–5–

## II. Trial Court's Failure to Vacate the Second Award

In its fifth issue, Sunset urges the trial court erred by failing to vacate the Second Award. The FAA and the TAA provide limited grounds for vacating an arbitration award. *See* 9 U.S.C. § 10; CIV. PRAC. & REM. § 171.088(a). Section 171.088(a) of the TAA expressly provides limited grounds for vacatur. Sunset's arguments rely on certain of these grounds, which we address below.

### A. Whether Arbitrator Exceeded Power or Agreement to Arbitrate Existed

Sunset argues that the arbitrator exceeded his power such that the trial court was required to vacate the Second Award. *See* 9 U.S.C. § 10(a)(4); CIV. PRAC. & REM. § 171.088(a)(3)(A). Sunset also argues there was no agreement to arbitrate as required by the TAA. *See* 171.088(a)(4) (providing trial court shall vacate award if "there was no agreement to arbitrate, the issue was not adversely determined in a proceeding [to compel or stay arbitration] and the party did not participate in the arbitration hearing without raising the objection").

Sunset's arguments rely on provisions 9 and 11 of the Agreement to assert that any dispute should have been governed by ACES procedures, not those of the AAA, that the parties did not agree to arbitrate this dispute, and that there was no agreement that the AAA instead of ACES would administer the arbitration.

Provision 9, titled Warranties, provides:

> . . . The Owner also acknowledges that the Limited Home Warranty provides for an alternative dispute resolution procedure for any

disagreements or misunderstandings that may arise between the Owner and the Contractor which relate to or otherwise involve the Limited Home Warranty or otherwise relate to the residence or construction thereof (referred to as "Disputes."). . . . any Disputes or claims shall be submitted to the American Construction & Education Services, Inc. ("ACES") for administration and resolution in accordance with the procedures prescribed by ACES. **This is in no way intended to limit, restrict or otherwise affect any other dispute resolution mechanisms or procedures provided in this Construction Agreement** or as may be provided under applicable law.

(emphasis added). Provision 11, titled Dispute Resolution, provides:

Any claim, dispute or cause of action, between Owner and Contract, whether sounding in contract, tort, or otherwise, shall be resolved in accordance with and by following the dispute resolution guidelines set forth in the ACES Limited Warranty, the Federal Arbitration Act (Title 9 of the United States Code) **and/or** the Texas Arbitration Act. Such claims, disputes or causes of action, include, but are not limited to, those arising out of or relating to: (i) this Agreement, including the . . . breach or termination hereof; . . . (v) any transaction, event or relationship between Owner and Contractor; . . . and/or (vii) any other rights, obligations or agreements between Owner and Contractor ("the Dispute"). . . . Owner and Contractor require that the arbitrator provide a reasoned award, same being an award that explains the factual and legal bases for making the award. After commencement of an arbitration proceeding, either party may require that the Dispute be submitted to mediation prior to the final arbitration hearing. If the Dispute is not resolved by mediation, then the arbitration proceeding shall continue to conclusion. Judgment upon the arbitration award or decision may be confirmed, entered and enforced in any court having jurisdiction, subject to appeal only in the event of the arbitrator's misapplication of the law, no evidence to support the award, or such other grounds for appeal of arbitration awards that exist by applicable law.

(emphasis added).

Reading these two provisions together, it is clear the dispute resolution

procedures in provision 9 provides for resolution of disputes related to the warranty,

which none of the parties assert is the case here. Instead, the parties dispute centers on the amount of payment Sunset owed Design Tech under the Agreement. Further, provision 11 broadly mandates resolution in accordance with the guidelines set forth in the ACES Limited Warranty, the FAA, "and/or" the TAA. Thus, Sunset's arguments for strict compliance with the guidelines set forth in the ACES Limited Warranty are unavailing.

Sunset makes an additional argument that the arbitrator exceeded his powers, arguing the arbitrator did not have the authority to determine the arbitrability of the dispute. The arbitrator issued a Reasoned Order of Arbitrability, in which he determined the instant dispute to be arbitrable. Sunset argues the question of arbitrability is one for the court, not the arbitrator, to decide. Indeed, absent "clear and unmistakable evidence" that the parties agreed to the contrary, the primary power to decide such issues lies with the courts—not an arbitrator. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). However, in light of Sunset's arguments regarding the applicability of the Warranty and its insistence that only the ACES could administer the arbitration, in substance what Sunset argues is not whether the claim is arbitrable but whether the AAA arbitrator, as opposed to the ACES, had the authority to arbitrate. As we have already concluded Sunset's arguments for strict compliance with the guidelines set forth in the ACES Limited Warranty are unavailing, we find this argument similarly unavailing.

–8–

We conclude the trial court did not err in denying Sunset's application to vacate on the ground that the arbitrator exceeded his powers or the ground that there was no agreement to arbitrate pursuant to section 171.088(a)(4).

### B. Whether Arbitrators Conducted Hearing in Manner Substantially Prejudicing Sunset's Rights

Sunset argues the trial court erred by not vacating the Second Award, arguing the arbitrator conducted the hearing in a manner that substantially prejudiced its rights. Under Section 171.088(a)(3)(D), a trial court shall vacate an arbitration award if the arbitrator conducted the hearing, contrary to certain enumerated sections of the statute, in a manner that substantially prejudiced the rights of a party. *See* CIV. PRAC. & REM. § 171.088(a)(3)(D).

Sunset complains the arbitrators violated section 171.044 of the TAA, which requires arbitrators to notify each party of the time and place for the hearing and provides such notice "must be served not later than the fifth day before the hearing either personally or by registered or certified mail with return receipt requested." *See id.* § 171.044(a), (b). Sunset argues the record contains no evidence the arbitrators set a time and place for the hearing or that they notified Sunset of the hearing in compliance with section 171.044(b). Sunset further argues that the arbitrators violated section 171.043, which requires in part, "Unless otherwise provided by the agreement to arbitrate, all the arbitrators shall conduct the hearing." *See id.* § 171.043(a). As part of this argument, Sunset notes that the arbitrator issued

an award to Design Tech after reviewing Design Tech's papers without conducting any hearing. Sunset further argues that the lack of notice and hearing prejudiced his due process rights.

As noted by Sunset, the record contains no evidence a hearing took place. However, the record contains letters sent to Sunset's trustee from the AAA, which indicate they were delivered via email to Sunset's trustee on March 17, June 1, October 2,[5] November 20, and November 21 of 2017. The record also contains letters sent to the AAA from Sunset's trustee on April 10 and June 27, in which Sunset's trustee states he received certified letters from the AAA regarding arbitration of the instant dispute and in which he objected to AAA's exercise of jurisdiction over this dispute. Accordingly, we cannot conclude the trial court erred by failing to vacate the arbitration award on the ground that Sunset's rights were substantially prejudiced.

We overrule Sunset's fifth issue.

## III. Effect of 2017 Order

In its sixth issue, Sunset complains the trial court's 2017 Order has preclusive effect on the instant litigation.

Before the trial court's September 2018 Order confirming the Second Award, Sunset filed a "motion to dismiss due to res judicata," arguing that the issue of

---

[5] This letter from the AAA to the parties states, "This case will be administered by facilitating the exchange of appropriate documents through the AAA."

whether Design Tech had satisfied all requirements to confirm the First Award in the 2017 Order, which vacated for failure of notice of the initial proceeding, had the effect of deciding the merits against Design Tech and that the 2017 Order barred Design Tech from either initiating or attempting to later confirm the resulting Second Award.

As discussed above, under the FAA and TAA, a reviewing court must confirm an arbitration award unless grounds exist to vacate, modify, or correct its terms. *See* 9 U.S.C. § 9; CIV. PRAC. & REM. § 171.087. Sunset's arguments regarding res judicata are not supported by either the FAA or the TAA, nor has Sunset cited any case law applying the doctrine of res judicata in the context of satisfying statutory requirements to confirm an arbitration award. Accordingly, we overrule Sunset's sixth issue.

## IV. Sunset's Requests to Vacate and for Attorney's Fees

In its third issue, Sunset complains the trial court improperly dismissed Sunset's request to vacate the November 21, 2017 arbitration award and its claims for attorney's fees pursuant to a provision in the Agreement for award of court costs and attorney's fees to "the prevailing party." In its fourth issue, Sunset argues the trial court erred by failing to award Sunset its court costs because Sunset is the "successful party." As determined above, the trial court denied all relief not granted in its September 2018 Order, including Sunset's request to vacate the November 21, 2017 arbitration award and its claims for attorney's fees. As Sunset does not argue,

–11–

and the record does not reflect, any other basis for Sunset to be the prevailing or successful party, we overrule its third and fourth issues.

## V. Trial Court's Failure to Enter Any Findings of Fact or Conclusions of Law

In its second issue, Sunset argues the trial court erred by failing to respond to Sunset's requests for findings of fact and conclusions of law. Sunset filed requests and notices of past due requests for findings of fact and conclusions of law for the September Order and the November 2018 Order. Sunset complains the lack of findings of fact and conclusions of law leave it to guess what relief the trial court granted and denied and the basis upon which the trial court granted or denied requested relief.

Pursuant to Rules 296 and 297 of the Texas Rules of Civil Procedure, a trial judge must, when properly requested, prepare findings of fact in cases tried in the district court or county court without a jury. *See Black v. Shor*, 443 S.W.3d 154, 166 (Tex. App.—Corpus Christi 2013, pet. denied) (citing TEX. R. CIV. P. 296 (providing that "in any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law"); *id.* R. 297 (specifying the timetable for filing findings of fact and conclusions of law and the procedure for filing a notice of past due findings of fact and conclusions of law)). However, when a judgment is rendered as a matter of law, findings and conclusions have no purpose and should not be requested or considered

on appeal. *See id.* Therefore, even when the trial court receives evidence, findings and conclusions are only appropriate if the trial court is called upon to determine questions of fact upon conflicting evidence. *See id.*

In the instant case, the trial court did not make any determinations of fact based on conflicting evidence. Sunset argues that the proceedings here required the trial judge to decide whether facts existed to vacate the Second Award, referring to its arguments regarding whether it received notice pursuant to the requirements of Section 171.044 and whether an arbitration existed pursuant to Section 171.088(a)(4). However, the trial court proceedings regarding the arbitration award were heard in the same manner as a motion in a civil case. *See* CIV. PRAC. & REM. § 171.093. Specifically, no evidence was adduced by the parties at the hearing on the motion to confirm the arbitration award. Further, the record does not otherwise contain any conflicting evidence on which the trial court would have determined a question of fact. *See Black v. Shor*, 443 S.W.3d at 166. Accordingly, we overrule Sunset's second issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

181272F.P05

–13–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

INTO THE SUNSET REVOCABLE
LIVING TRUST, Appellant

No. 05-18-01272-CV     V.

DESIGN TECH HOMES LP,
Appellee

On Appeal from the 274th District
Court, Comal County, Texas
Trial Court Cause No. C2017-2027C.
Opinion delivered by Justice
Schenck. Justices Myers and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DESIGN TECH HOMES LP recover its costs of this appeal from appellant INTO THE SUNSET REVOCABLE LIVING TRUST.

Judgment entered this 24th day of April, 2020.