**Reversed and Remanded and Memorandum Opinion filed October 31, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00772-CV

---

### CLINTON J. POHLER, Appellant

### V.

### CAVALRY SPV I, LLC, Appellee

---

**On Appeal from the County Court
Llano County, Texas
Trial Court Cause No. 03030**

---

## M E M O R A N D U M   O P I N I O N

Appellee Cavalry SPV I, LLC ("Cavalry") sued appellant Clinton J. Pohler in the justice court of Llano County, Texas, seeking to collect the outstanding balance on a Costco Visa credit card. After denying Pohler's motion to compel arbitration, the justice court signed a final judgment in Cavalry's favor. Pohler appealed to the county court and reasserted his motion to compel arbitration. The county court denied Pohler's motion to compel and signed a final judgment awarding Cavalry approximately $8,600 in damages.

Pohler filed this appeal.[1]  For the reasons below, we reverse the county court's final judgment and remand the case for further proceedings.

## BACKGROUND

In December 2017, Pohler opened a Costco Visa credit card issued by Citibank, N.A.  Approximately $8,500 was owed on the card when the account was closed for nonpayment in January 2021.

Cavalry, as assignee of Citibank, N.A., sued Pohler in the Llano County justice court to collect the outstanding debt.  Cavalry also filed a business records affidavit and accompanying documents showing (1) Pohler opened the credit card account, (2) charges were made on the account before it was closed for nonpayment, and (3) Cavalry purchased ownership of the account from Citibank, N.A.

Pohler filed objections to and a motion to strike Cavalry's business records affidavit and the accompanying documents.  Pohler also filed a motion to compel arbitration, citing the arbitration provision in the credit card agreement issued by Citibank, N.A.  In relevant part, this provision states:

> **PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.**
>
> This section provides that disputes may be resolved by binding arbitration.  Arbitration replaces the right to go to court, have a jury trial or initiate or participate in a class action.  In arbitration, disputes are resolved by an arbitrator, not a judge or jury.  Arbitration procedures are simpler and more limited than in court.  This

---

[1] The Supreme Court of Texas transferred this case from the Third Court of Appeals to our court.  *See* Tex. Gov't Code Ann. § 73.001.  In cases transferred by the high court from one court of appeals to another, the transferee court must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court.  Tex. R. App. P. 41.3.

arbitration provision is governed by the Federal Arbitration Act (FAA), and shall be interpreted in the broadest way the law will allow.

**Covered claims**

- **You or we may arbitrate** any claim, dispute, or controversy between you and us arising out of or related to your Account, a previous related Account or our relationship (called "Claims").

- **If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim.**

Except as stated below, all Claims are subject to arbitration, no matter what legal theory they're based on or what remedy (damages, or injunctive or declaratory relief) they seek, including Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, third-party claims, interpleaders or otherwise; Claims made regarding past, present or future conduct; and Claims made independently or with other claims. This also includes Claims made by or against anyone connected with us or you or claiming through us or you, such as a co-applicant, Authorized User, employee, agent, representative or an affiliated/parent/subsidiary company.

**Arbitration limits**

- Individual Claims filed in small claims court are not subject to arbitration, as long as the matter stays in small claims court.

- We won't initiate arbitration to collect a debt from you unless you choose to arbitrate or assert a Claim against us. If you assert a Claim against us, we can choose to arbitrate, including actions to collect a debt from you. You may arbitrate on an individual basis Claims brought against you, including Claims to collect a debt.

\*                     \*                     \*

**Survival and Severability of Terms**

This arbitration provision shall survive changes in this Agreement and termination of the Account or the relationship between you and us, including the bankruptcy of any party and any sale of your Account, or amounts owed on your Account, to another person or entity.

(emphasis in original). The agreement also states that (1) Citibank, N.A. "may assign any or all of our rights and obligations under this Agreement to a third party"; and (2) "Federal law and the law of South Dakota govern the terms and enforcement of this agreement."

The justice court denied both of Pohler's motions before signing a final judgment in favor of Cavalry. Pohler appealed the case to the county court of Llano County. *See* Tex. R. Civ. P. 506.1(a), 506.3. At a hearing held in June 2022, Pohler reasserted his motion to strike and motion to compel arbitration. After hearing argument from both parties, the county court denied Pohler's motion to compel arbitration[2] and signed a final judgment on June 20, 2022.

On July 14, 2022, Cavalry filed a "Notice of Nonsuit with Prejudice," asking the county court to enter a nonsuit with prejudice on all its claims against Pohler. The county court signed an order granting Cavalry's request. But approximately one month later, the county court signed an order nunc pro tunc denying Cavalry's requested nonsuit and stating, in relevant part:

> On July 14, 2022, Cavalry SPV I, LLC filed its Motion for Nonsuit with Prejudice. The court initially granted the Motion for Nonsuit with Prejudice, but has since determined that it lacked the authority to do so pursuant to Texas Rule of Civil Procedure 162.[3]

---

[2] The trial court did not rule on Pohler's motion to strike in either a written order or at the June 2022 hearing.

[3] According to Texas Rule of Civil Procedure 162, a nonsuit may be taken "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence." *See* Tex. R. Civ. P. 162(a); *see also Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995) (per curiam) ("Once a judge announces a decision that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit."); *In re E.H.*, No. 02-14-00352-CV, 2015 WL 4694142, at *1 n.3 (Tex. App.—Fort Worth Aug. 6, 2015, no pet.) (mem. op.) (Father filed a notice of nonsuit two months after the final judgment was signed; the court concluded that "[t]he nonsuit [] was ineffective because it was not timely"); *Commonwealth Land Title Ins. Co. v. Nelson*, 889 S.W.2d 312, 323 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (the plaintiffs did not attempt to nonsuit until the day after the close of evidence; "[t]hus, their attempt to non-suit was

> Therefore, the Court will issue an Order Nunc Pro Tunc denying Cavalry SPV I, LLC Motion for Nonsuit with Prejudice.

The county court instructed the parties to submit proposed findings of fact and conclusions of law. Cavalry filed a "Request for Dismissal" stating that it "fully settled this matter" with Pohler and asking the county court to dismiss the case with prejudice. The county court did not rule on the requested dismissal. Pohler timely appealed.

## ANALYSIS

Pohler raises three issues on appeal, which we consolidate as follows:

1. the justice court and county court erred by denying Pohler's motion to compel arbitration;[4] and

2. the county court erred by denying Pohler's objections to and motion to strike Cavalry's business records affidavit and accompanying documents.

Cavalry did not file a responsive appellate brief nor any other motion for relief in this court. Because we sustain Pohler's first issue, we need not reach his remaining issues.

## I.      Standard of Review and Governing Law

Pohler represents himself *pro se* on appeal. A *pro se* litigant is held to the same standards as a licensed attorney and must comply with all applicable rules of procedure, including appellate rules; otherwise, a *pro se* litigant would benefit from an unfair advantage over parties who are represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Ratliff v. King*, No. 03-

---

ineffective and the trial court erred in granting their motion").

[4] Although the denial of a motion to compel arbitration may be challenged via interlocutory appeal (*see* 9 U.S.C.A. § 16; Tex. Civ. Prac. & Rem. Code Ann. § 51.016), it also may be challenged on appeal from a final judgment. *See Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390-97 (Tex. 2020).

08-00424-CV, 2009 WL 2837706, at *1 n.1 (Tex. App.—Austin Aug. 31, 2009, no pet.) (mem. op.).

We review the denial of a motion to compel arbitration for an abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018); *Meritage Homes of Tex., LLC v. Pouye*, No. 03-21-00281-CV, 2023 WL 4139033, at *2 (Tex. App.—Austin June 23, 2023, no pet. h.) (mem. op.). "We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations *de novo*." *Henry*, 551 S.W.3d at 115.

As set out above, the credit card agreement's arbitration provision states that it is governed by the Federal Arbitration Act ("FAA"). "Under the FAA, a party seeking to compel arbitration must establish the existence of a valid arbitration agreement and the existence of a dispute within the scope of the agreement." *Baby Dolls Topless Saloons, Inc. v. Sotero*, 642 S.W.3d 583, 585-86 (Tex. 2022) (per curiam). If one party resists arbitration, the trial court first must determine whether a valid arbitration agreement exists — a question of law we review *de novo*. *Id*. at 586. Once an arbitration agreement is found to exist, doubts regarding an agreement's scope are resolved in favor of arbitration because there is a strong presumption favoring agreements to arbitrate. *Rich v. Cantilo & Bennett, L.L.P.*, 492 S.W.3d 755, 760 (Tex. App.—Austin 2016, pet. denied).

"Under the FAA, ordinary principles of state contract law determine whether there is a valid agreement to arbitrate." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Therefore, in accordance with the credit card agreement's terms, we rely on South Dakota law for this determination. *See id*.; *see also, e.g.*, *Bell-Sparrow v. SFG*Proschoicebeauty*, No. 18-cv-06707-YGR, 2019 WL 1201835, at *4-8 (N.D. Cal. Mar. 14, 2019) (examining a substantially similar credit card agreement issued by Citibank, N.A., the court

applied South Dakota law to determine whether the arbitration agreement was valid).

When interpreting a contract, we are guided by the language the parties used to determine their intention. *Powers v. Powers*, 974 N.W.2d 706, 713 (S.D. 2022). We examine the contract as a whole and give words their plain and ordinary meaning. *Id*. In sum, we interpret the contract so as to give a reasonable and effective meaning to all its terms, without examining any particular words or phrases in isolation. *Tri-City Assocs., L.P. v. Belmont, Inc.*, 845 N.W.2d 911, 915 (S.D. 2014).

## II.     Application

In the justice court and county court, Pohler argued that the Citibank, N.A. credit card agreement entitled him to compel arbitration of his dispute with Cavalry.[5]

We begin with the question of whether a valid arbitration agreement exists between the parties. *See Baby Dolls Topless Saloons, Inc.*, 642 S.W.3d at 585-86. Here, the credit card agreement's arbitration provision is broadly worded and applies to "any claim, dispute, or controversy between you and us arising out of or related to your Account, a previous related account or our relationship." Although the agreement defines "us" as Citibank, N.A., the agreement also states that (1) Citibank, N.A. "may assign any or all of our rights and obligations under this

---

[5] Although Pohler filed a motion to compel arbitration in the justice court, he did not re-file this motion in the county court. However, one of our sister courts recently has held that, given the nature of an appeal from justice court to county court, re-filing a motion is not necessary to preserve error. *See Duchouquette v. Prestigious Pets, LLC*, No. 05-16-01163-CV, 2017 WL 5109341, at *3-4 (Tex. App.—Dallas Nov. 6, 2017, no pet.) (mem. op.) (because "the TCPA motion was filed in the justice court . . . there was no need to re-file it in the subsequent county court appeal"). Moreover, Pohler reasserted the arguments in his motion to compel arbitration at the June 2022 county court hearing, which the county court denied in an oral ruling. *See* Tex. R. App. P. 33.1(a).

Agreement to a third party"; (2) the arbitration provision "shall survive changes in this Agreement and termination of the Account or the relationship between you and [Citibank, N.A.]"; and (3) the arbitration provision includes "Claims made by . . . anyone connected with [Citibank, N.A.] . . . or claiming through [Citibank, N.A.] . . . or by someone making a claim through [Citibank, N.A.]." Giving these terms their plain meaning, we conclude that they express the parties' intent that the arbitration provision bind Cavalry as assignee of Pohler's credit card account with Citibank, N.A. *See Powers*, 974 N.W.2d at 713; *Tri-City Assocs., L.P.*, 845 N.W.2d at 915; *see also, e.g.*, *Hejamadi v. Midland Funding, LLC*, No. 18-cv-13203 (KSH) (CLW), 2022 WL 970248, at *1-2, *5 (D. N.J. Mar. 31, 2022) (examining a substantially similar credit card agreement issued by Citibank, N.A., the court held that the arbitration provision included disputes pursued by the company that purchased ownership of credit card accounts from Citibank, N.A.). Therefore, we conclude that the parties are bound by a valid arbitration agreement. *See Baby Dolls Topless Saloons, Inc.*, 642 S.W.3d at 585-86.

We also conclude that the parties' dispute falls within the scope of the arbitration agreement. Two statements in particular bear on this analysis:

- "Individual claims filed in small claims court are not subject to arbitration, as long as the matter stays in small claims court."
- "You may arbitrate on an individual basis Claims brought against you, including Claims to collect a debt."

Read together and given their plain meaning, these statements provide that an individual may seek arbitration of a debt-collection claim brought against him, excluding those claims in small claims court. Pohler argues that, once he appealed his case *de novo* to the county court, it was outside the scope of the "small claims

8

court" limitation.[6]  We agree.

As relevant here, a county court "has appellate jurisdiction in civil cases over which the justice courts have original jurisdiction in cases in which the judgment appealed from or the amount in controversy exceeds $250, exclusive of costs."  Tex. Gov't Code Ann. § 26.042(e).  Pohler's appeal from the justice court judgment was an appeal *de novo*, meaning that the entire case is presented to the county court "as if there had been no previous trial."  Tex. R. Civ. P. 510.10(c); *see also, e.g.*, *Mahrou v. White*, No. 03-22-00058-CV, 2023 WL 4980971, at *5 (Tex. App.—Austin Aug. 4, 2023, no pet. h.) (mem. op.).  "Because of the *de novo* nature of the proceedings, a county court does not sit as a true appellate court and does not review the justice court's decision for legal error; instead, it tries the case for itself as if no ruling had ever been made in the justice court."  *Mahrou*, 2023 WL 4980971, at *5.  Accordingly, cases appealed from the justice court (like the case here) essentially proceed as new actions in the county court.  *See id.*

Moreover, Texas statutes and prior caselaw from the Austin Court of Appeals indicate that county courts are separate and apart from small claims courts.  *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 31.005 ("A judgment or a determination of fact or law in a proceeding in **small claims court** or justice of the peace court is not res judicata and does not constitute a basis for estoppel by judgment in a proceeding in a **county court** or **statutory county court**[.]") (emphasis added); *Kohler v. Chiquillo*, No. 03-14-00503-CV, 2016 WL 3924430,

---

[6] In the justice court, Pohler also argued that the "small claims court" limitation did not preclude arbitration because "small claims courts" no longer exist in Texas following the 82nd Legislative Session.  *See* Act of June 27, 2011, 82d Leg., C.S., ch. 3, § 5.06(b), 2011 Tex. Gen. Laws 5225 ("On the effective date of this section, each small claims court under Chapter 28, Government Code, is abolished.").  However, because we conclude that Pohler was entitled to compel arbitration once the case was appealed to county court, we need not resolve this contention.

at *1 (Tex. App.—Austin July 15, 2016, no pet.) (mem. op.) (stating that "[t]his cause originated as a **small-claims-court** lawsuit" and later was "appeal[ed] *de novo* to the **county court at law**") (emphasis added); *Rader v. Berry*, No. 03-11-00810-CV, 2013 WL 6665075, at *1 (Tex. App.—Austin Dec. 11, 2013, no pet.) (mem. op.) ("The **small claims court** awarded [appellant] $1,250, and he appealed to the **county court**.") (emphasis added).

Reading the arbitration provision in light of this jurisprudence, it is clear that (1) the county court cannot be equated with a "small claims court", and (2) Pohler proceeded with a new case in the county court. Therefore, the arbitration provision's exclusion of claims "filed in small claims court . . . as long as the matter stays in small claims court" does not apply to Pohler's *de novo* appeal in the county court.

In sum, we conclude that (1) a valid arbitration agreement between the parties exists, and (2) the parties' dispute falls within the scope of that arbitration agreement. *See Baby Dolls Topless Saloons, Inc.*, 642 S.W.3d at 585-86. Therefore, the county court abused its discretion when it denied Pohler's motion to compel arbitration. *See Henry*, 551 S.W.3d at 115. We sustain Pohler's issue challenging the denial of his motion to compel arbitration.

## CONCLUSION

We reverse the county court's June 20, 2022 final judgment and remand the case to the county court for further proceedings in accordance with this opinion.

/s/    Meagan Hassan
Justice


Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.